DECISION AND JUDGMENT ENTRY
Nathan L. Jordan appeals the sentence imposed upon him by the Athens County Court of Common Pleas for fourth degree felony burglary, a violation of R.C. 2911.12(A)(4). Jordan asserts that the trial court erred in sentencing him to a prison term without making specific findings that any of the R.C. 2929.13(B)(1) factors were present. Because the trial court could properly sentence Jordan to prison even in the absence of the R.C. 2929.13(B)(1) factors, and because the trial court properly considered the overriding purposes of felony sentencing and the seriousness and recidivism factors in accordance with R.C. 2929.11 and 2929.12, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
The Athens County Grand Jury indicted Jordan on one count of burglary, a violation of R.C. 2911.12(A)(2), a felony of the second degree. Jordan and the state entered into a plea agreement pursuant to which Jordan agreed to plead no contest to a lesser burglary charge, a violation of R.C. 2911.12(A)(4), a felony of the fourth degree. The trial court found that Jordan made his plea knowingly and voluntarily, accepted his plea, released Jordan on his own recognizance, and ordered a pre- sentence investigation report.
While Jordan was on bond, he was charged in Franklin County, Ohio, with a felony drug and alcohol offense. The trial court delayed Jordan's sentencing hearing so that Jordan could appear before the Franklin County, Ohio, court and make himself eligible for the SEPTA community based corrections facility. Instead, Jordan absconded from the trial court's jurisdiction and failed to appear at his sentencing hearing. Several months later, he returned and appeared for sentencing. The trial court considered the pre-sentence investigation report and incorporated the report into its sentencing entry. The trial court then found that, by absconding the jurisdiction, Jordan demonstrated that the he is prone to recidivism and not amenable to a community control sanction. Therefore, the trial court ordered that Jordan serve a minimum term of six months imprisonment at the Orient Corrections Center.
Jordan appeals, asserting the following single assignment of error:
 The trial court failed to make the findings under Ohio's sentencing scheme, pursuant to R.C. 2929.13(B), when it sentenced Mr. Jordan to a term of imprisonment for a felony of the fourth degree, thus denying him his right to due process and meaningful appellate review under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.
 II.
Jordan argues that his sentence is contrary to law and that the record does not support his sentence. Jordan claims that the trial court erred by considering recidivism and seriousness factors when the record affirmatively indicates that none of the R.C. 2929.13(B)(1) factors were present.
R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The record on appeal must include any pre-sentence or psychiatric reports, the trial record, and all oral or written statements made at the sentencing hearing. R.C. 2953.08(F). The appellate court may modify the sentence upon clearly and convincingly finding that: (1) the record does not support the sentence; (2) the trial court imposed a prison term contrary to the procedures of R.C. 2929.13(B) because either the court failed to make the preliminary findings before imposing a prison sentence for a fourth or fifth degree felony, or, there was an insufficient basis for imposing a prison term; or (3) the sentence imposed was contrary to law. See R.C. 2953.08(G)(1)(a)- (d); State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported.
In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion to the extent we did in the past. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record supporting those findings, and (4) properly applied the statutory guidelines. Dunwoody, supra; see, also, Griffin Katz, Ohio Felony Sentencing Law (1998) 495, Section 9.16.
When sentencing a defendant for a fourth or fifth degree non-drug felony, the trial court first must apply the factors listed in R.C.2929.13(B)(1). State v. Kawaguchi (2000), 137 Ohio App.3d 597, 605; Statev. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21, unreported. R.C.2929.13(B)(1) provides in relevant part:
 Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position * * *.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
(f) The offense is a sex offense * * *.
(g) The offender previously served a prison term.
 (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 (i) The offender committed the offense while in possession of a firearm.
 In the succeeding sections, R.C. 2929.13(B)(2)(a) and (b) make prison mandatory if certain factors are found, and a community control sanction mandatory if a different combination of factors are found. At the same time, those sections leave an in-between area where neither prison nor a community control sanction is mandated. R.C. 2929.13(B)(2) provides:
 (a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 (b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
Thus, when sentencing an offender for a fourth or fifth degree felony, the trial court must first consider whether any of the factors listed in R.C. 2929.13(B)(1) apply. Kawaguchi at 605. Pursuant to R.C.2929.13(B)(2)(a), the trial court must impose a term of imprisonment if it: (1) finds the existence of any one of those nine factors; and (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that a prison term is consistent with the purposes of principles of sentencing set forth in R.C. 2929.11;[1] and (3) finds that the offender is not amenable to available community control sanctions.
Likewise, pursuant to R.C. 2929.13(B)(2)(b), the trial court must sentence the offender to community control if it: (1) does not find the existence of any one of the factors set forth in R.C. 2929.13(B)(1); and (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that community control is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11.
When neither prison nor community control is specifically mandated, (i.e., when no combination of the R.C. 2929.13(B)(2)(a) factors or the R.C. 2929.13(B)(2)(b) factors exists) the trial court should exercise sentencing discretion similar to that provided for third degree felonies in R.C. 2929.13(C). Stanley, supra, citing Griffin Katz, Ohio Felony Sentencing Law (1996-1997) 388-89, Section 6.13; State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported. See, also, State v.Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, unreported (overruled on other grounds by State v. Martin (1999), 136 Ohio App.3d 355, 362). In that situation, the trial court should comply with the purposes and principles of sentencing under R.C. 2929.11 and should consider the seriousness and recidivism factors set forth in R.C. 2929.12 to determine whether to impose a term of imprisonment or community control sanctions.Stanley; Lazenby; Banks; Griffin Katz (1996-1997) at 389, section 6.13.
Additionally, whenever the trial court imposes a sentence of imprisonment for a fourth or fifth degree felony, whether based upon R.C. 2929.13(B)(2)(a) or upon R.C. 2929.11 and 2929.12, the trial court must "make a finding that gives its reasons for selecting the sentence imposed * * *." R.C. 2929.19(B)(2)(a); see, also, State v. Edmonson
(1999), 86 Ohio St.3d 324.
In this case, the trial court made no express finding with respect to any of the R.C. 2929.13(B)(1) factors. However, the trial court did expressly incorporate the pre-sentence investigation report into its sentencing decision.[2] That report affirmatively finds that none of the R.C. 2929.13(B)(1) factors apply to Jordan's offense in this case.
Jordan asserts that, because none of the factors set forth in R.C.2929.13(B)(1) were present, the trial court was required to impose community control sanctions instead of a term of imprisonment. In fact, however, the trial court was only required to impose a community control sanction if, considering the seriousness and recidivism factors set forth in R.C. 2929.12, the court found community control sanctions to be consistent with the overriding purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(b). However, if the court found that community control was not consistent with the purposes and principles of sentencing, even though none of the R.C. 2929.13(B)(1) factors were present, the court had the discretion to sentence Jordan to prison under R.C. 2929.13(B)(2)(b). See Stanley, supra; Lazenby, supra; Banks, supra.
R.C. 2929.12(D) relates to the likelihood that the offender will commit future crimes. It provides, in part, that the following factors indicate likely recidivism:
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
(5) The offender shows no genuine remorse for the offense.
Additionally, the trial court is free to consider any other factors that it considers relevant to determining whether the offender is prone to recidivism and whether the offender's conduct was more or less serious than conduct usually constituting the offense. R.C. 2929.12(B) and (D).
In this case, the trial court made findings regarding the seriousness of Jordan's conduct and his likelihood of recidivism under R.C. 2929.12. The court concluded that community control sanctions would be inconsistent with the purposes of felony sentencing set forth in R.C.2929.11(A) because Jordan poses a high likelihood of recidivism. Specifically, by its adoption of the pre-sentence investigation report, the trial court found that Jordan has demonstrated a pattern of substance abuse and refuses to acknowledge it, and that Jordan shows no remorse for the offense he committed. Additionally, the trial court found recidivism more likely because Jordan failed to resolve the drug and alcohol charges from Franklin County and instead absconded from the court's jurisdiction prior to sentencing.
Jordan next asserts that, even if the trial court did properly consider the recidivism factors, the court erred in considering the facts beyond the scope of his conviction with regard to those factors. Specifically, Jordan contends that the trial court erred in considering the Franklin County charges and the fact that he absconded from the court's jurisdiction after he entered his plea, because both occurred after his crime. We specifically considered, and rejected, a similar argument inStanley, supra, when we concluded that the offender's admission to driving under the influence while she was on bond for tampering with evidence and receiving stolen property was relevant to determining her likelihood of recidivism in sentencing for the later two offenses. In applying the seriousness and recidivism factors, the court is not limited to considering only the offense committed and its results. Stanley,supra. Thus, the trial court did not err in considering Jordan's conduct subsequent to the offense in determining that he poses a great likelihood of recidivism.
In conclusion, we find that the trial court made the findings required by R.C. 2929.13(B)(1) and (2) when it sentenced Jordan to a term of imprisonment on his fourth degree felony burglary conviction. We further find that the record supports the trial court's findings. Thus, the trial court did not err in imposing a prison sentence upon Jordan. Accordingly, we overrule Jordan's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Evans, J.: Concur in Judgment Only.
[1] The principles and purposes of sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11.
[2] As we have noted in the past, ordinarily, a court speaks only through its journal, but in the interests of justice we examine the entire record to determine the basis of a lower court judgment. State v.Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588 98CA2589, unreported, citing State v. Patterson (Sept. 21, 1998), Washington App. No. 97CA28, unreported. Therefore, in felony sentencing cases, when a trial court must make findings or give its reasons for findings, they need not be specified in the sentencing entry as long as they are discernable from the record as a whole. Id. While incorporation of the pre-sentenceinvestigation report is an improvement over mere oral recitation offactors, we wish to reiterate that the better practice for the trial court is to articulate both the findings and reasons for the findings, when required, in the sentencing entry. Id.