JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Raymond McKinney, appeals from the judgment of the trial court, rendered after a bench trial, finding him guilty of unauthorized use of a motor vehicle, in violation of R.C.2913.03(B), and sentencing him to nine months incarceration.
 {¶ 2} The record reflects that appellant's case was called for trial on January 14, 2002. On that date, before trial, appellant executed a written jury waiver and orally acknowledged on the record that he was waiving his right to a jury trial. The record reflects that the jury waiver was filed by the Clerk of Courts office at 11:13 a.m. on January 14, 2002. It was processed by the Micro-data Department of the Clerk's office on January 15, 2002 and subsequently returned to the file.
 {¶ 3} The case proceeded to a bench trial on January 14, 2002 after the trial court found that appellant had knowingly and intelligently waived his right to a jury.
 I. {¶ 4} In his first assigned error, appellant contends that the trial court lacked jurisdiction to proceed to trial without a jury because his signed jury waiver was not filed prior to the commencement of trial. Appellant argues that strict compliance with R.C. 2945.05
mandates that an effective waiver must be filed prior to the commencement of trial. Appellant's argument is based on State v. Pless (1996),74 Ohio St.3d 333, in which the Supreme Court of Ohio held that strict compliance with R.C. 2945.05 is necessary to effect a valid jury waiver.
 {¶ 5} R.C. 2945.05 provides that a jury waiver shall be in writing, signed by the defendant and filed in the case and made a part of the record. Strict compliance with R.C. 2945.05 is met upon filing the jury waiver; there is no rule pertaining to when the filing must occur.State v. Sekera (Oct. 31, 2002), Cuyahoga App. No. 80690. Thus, as this court stated in State v. Antonic (Nov. 22, 2000), Cuyahoga App. No. 77678:
 {¶ 6} "R.C. 2945.05 only requires that the waiver occur before trial and that the waiver is filed, time-stamped and contained in the record. See State v. Pless (1996), 74 Ohio St.3d 333; State v. Gipson
(1998), 80 Ohio St.3d 626. There is no requirement that the waiver befiled and placed in the record before trial. See State v. Jones (Feb. 5, 1999), Hamilton App. No. C-980270." (Emphasis added.)
 {¶ 7} Similarly, in Sekera, supra, this court stated, "According to Pless, strict compliance with R.C. 2945.05 is met upon the filing of the waiver; Pless makes no rule pertaining to when the filing occurs. * * * The fact that the waiver was not journalized until after the trial concluded is not fatal."
 {¶ 8} Here, the record reflects the following colloquy prior to trial:
 {¶ 9} "THE COURT: We were set for trial this morning and, indeed, we did bring a jury up, and it was conveyed to the court that the defendant has elected to waive his right to a jury trial.
 {¶ 10} I have a written waiver which you signed and filed, and, you understand, Mr. McKinney, the court will be acting as not only the judge, but also the jury in making a determination of the facts in this case; do you understand that that will be my function here?
 {¶ 11} "MR. McKINNEY: Yes, your Honor.
 {¶ 12} "THE COURT: All right. And it is your wish, then, to voluntarily waive a jury in this case?
 {¶ 13} "MR.McKINNEY: Yes, your Honor."
 {¶ 14} Thus, it appears that contrary to appellant's argument, the jury waiver was, in fact, filed prior to the commencement of appellant's bench trial. Even if was not filed until after trial, however, the jury waiver met the requirements of R.C. 2945.05 and, accordingly, the trial court had jurisdiction to conduct a bench trial.
 {¶ 15} Appellant's first assignment of error is therefore overruled.
 II. {¶ 16} In his second assignment of error, appellant contends that the trial court erred in sentencing him to nine months of incarceration without considering or stating on the record its reasons for imposing incarceration. We disagree.
 {¶ 17} When sentencing a defendant for a fourth or fifth degree non-drug felony, the trial court must first consider the factors listed in R.C. 2929.13(B)(1). State v. Kawaguchi (2000), 137 Ohio App.3d 597,605. R.C. 2929.13(B)(1) provides in relevant part:
 {¶ 18} "Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 19} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 20} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 21} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 22} "(d) The offender held a public office or position of trust and the offense related to that office or position * * *.
 {¶ 23} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 24} "(f) The offense is a sex offense * * *.
 {¶ 25} "(g) The offender previously served a prison term.
 {¶ 26} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 27} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 28} If a court makes any such finding and if, after considering the factors set forth in R.C. 2929.12, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11[1] and finds that the offender is not amenable to an available community control sanction, the court must impose a prison sentence. See R.C. 2929.13(B)(2)(a).
 {¶ 29} Conversely, if a court finds that none of the factors set forth in R.C. 2929.13(B)(1) apply and if, after considering the factors set forth in R.C. 2929.12, finds that a community control sanction is consistent with the purposes and principles of sentencing, the court must impose a community control sanction upon the offender. See R.C.2929.13(B)(2)(b).
 {¶ 30} In addition, whenever the trial court imposes a sentence of imprisonment for a fourth or fifth degree felony, it must "make a finding that gives its reasons for selecting the sentence imposed * * *." R.C.2929.19(B)(2)(a); see, also, State v. Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 31} Here, in sentencing appellant, the trial court stated, "I'd just note for the record that the defendant begins with a presumption in favor of community control sanctions; however, the court is not willing to impose those sanctions for several reasons." The trial judge then summarized appellant's prior record, which dated back to 1993 and included seven misdemeanor convictions for assault, disorderly conduct, grand theft of a motor vehicle, driving under suspension and refusal to display operator's license and one felony conviction for theft with counts for resisting arrest and providing false information. The trial judge then stated:
 {¶ 32} "The court, looking to that record, sees that there is a pattern here that you have failed in the past to address for whatever the reason. It doesn't seem to be drug and alcohol driven. You seem to have been in the habit of making these moves with young ladies before.
 {¶ 33} "You've committed offenses while under a community control sanction. You've had prior adjudications of criminal convictions. You have failed to respond favorably in the past to the sanctions imposed for criminal convictions.
 {¶ 34} "And there is a relationship with this victim in this particular situation. She's apparently your ex-girlfriend or whatever. You seemed to be taking advantage of her and just took off with her car when things started to not go your way. For whatever reasons, the car was disabled.
 {¶ 35} "So the Court is going to impose — I'm coming off the minimum sentence because of the prior activity and the fact that you just don't seem to get it. I'm going to sentence you to nine months at Lorain Correctional."
 {¶ 36} On this record, we conclude that the trial judge properly sentenced appellant to prison and, moreover, adequately gave her reasons for imposing incarceration rather than a community control sanction. The record reflects that the trial court first found that one of the factors set forth in R.C. 2929.13(B)(1) applied, because appellant had committed the instant offense while under a community control sanction. R.C.2929.13(B)(1)(h). After making this finding, the trial court then considered the seriousness and recidivism factors set forth in R.C. 2929.12
and found that appellant's relationship with his victim (his ex-girlfriend) had helped to facilitate the offense. R.C. 2929.12(B)(6). In addition, the trial court specifically found that appellant had failed to respond favorably in the past to the community control sanctions that been imposed for his many prior criminal convictions. R.C. 2929.12(D)(3). In light of this finding, one can infer that the trial court found that another community control sanction was not consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11.
 {¶ 37} Finally, the record reflects that the trial court specifically noted that it was imposing a prison sentence, rather than a community control sanction, because of appellant's prior criminal record. R.C. 2929.19(B)(2)(a).
 {¶ 38} Accordingly, we find that the trial court applied the statutory guidelines and stated its reasons on the record for the sentence it imposed. Appellant's second assignment of error is therefore overruled.
 III. {¶ 39} In his third assignment of error, appellant contends that the trial court erred in sentencing him to more than the minimum term of incarceration without engaging in the analysis required by R.C. 2929.14(B) for imposing more than the minimum sentence upon an offender who has not previously served a prison term.
 {¶ 40} Appellant was convicted of unauthorized use of a motor vehicle, in violation of R.C. 2913.03(B), a fifth degree felony punishable by six to twelve months incarceration and a fine up to $2500. The presentence investigation report contained in the record indicates that appellant had not previously served a prison sentence.
 {¶ 41} Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. R.C. 2929.14(B) states:
 {¶ 42} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shallimpose the shortest prison term authorized for the offense * * * unlessthe court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 43} The purpose of recorded findings is to "confirm that the court's decision-making process included all of the statutorily required sentencing considerations." Edmonson, 86 Ohio St.3d at 327. The record must show that a judge "first considered imposing the minimum * * * sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons." Id. at 328.
 {¶ 44} The record in this case indicates that the trial judge acknowledged that appellant was entitled to an initial presumption that he should receive the minimum sentence for his offense. The judge stated, "I'm coming off the minimum sentence because of the prior activity and the fact that you just don't seem to get it."
 {¶ 45} We do not, however, find the trial court's statement that "you just don't seem to get it" to be one of the statutorily permitted reasons for departing from a minimum sentence for an offender who has not previously served a prison sentence. Contrary to the State's argument, the statement does not indicate that the trial court considered whether the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime.
 {¶ 46} Appellant's third assignment of error is therefore sustained.
 IV. {¶ 47} In his fourth assignment of error, appellant contends that his sentence was improper because the trial court did not engage in any proportionality analysis, as required by R.C. 2929.11(B), to determine whether the sentence imposed was consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 48} We recently addressed this issue in State v. Lyons (July 3, 2002), Cuyahoga App. No. 80220, 2002-Ohio-3424. We stated:
 {¶ 49} "[R.C. 2929.11(b)] requires a sentencing court to impose a sentence that is `consistent with sentences imposed for similar crimes committed by similar offenders.' * * * The mandate for consistency is contained within the statutory provision addressing the purposes of felony sentencing and is directed to the trial court. We, therefore, believe that it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing. * * *
 {¶ 50} "We acknowledge that this mandate is rather amorphous in its direction and gives the trial court little guidance in its implementation. We are hopeful, however, that with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute."
 {¶ 51} Here, we find nothing in the record to indicate that the trial court complied with the mandate of R.C. 2929.11(B) to ensure that the sentence imposed was consistent with those imposed for similar crimes committed by similar offenders. Accordingly, the sentence imposed by the trial court is vacated and the matter is remanded for resentencing.
 {¶ 52} We note, however, that we also find nothing in the record to support appellant's bald assertion that "a review of similar cases leads to the conclusion that the trial court's sentence was disproportionate." There is no evidence to support this assertion and, accordingly, we find no merit to this part of appellant's argument.
 {¶ 53} Appellant's fourth assignment of error is sustained.
Conviction affirmed; sentence vacated and remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS.
 TERRENCE O'DONNELL, J., DISSENTS WITH SEPARATE DISSENTING OPINION.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The principles and purposes of sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11.