DECISION AND JUDGMENT ENTRY
{¶ 1} Brandon Baird appeals the sentences imposed upon him by the Hocking County Court of Common Pleas for various fourth degree felonies and a fifth degree felony. Baird contends that the trial court erred in sentencing him to prison on those felonies because the trial court did not properly find that any R.C. 2929.13(B)(1) factors were present. Because the trial court possesses discretion to sentence a fourth or fifth degree felony offender to prison when community control sanctions are not consistent with the purposes and principles of sentencing, even in the absence of the R.C. 2929.13(B)(1) factors, we find that the trial court did not err in sentencing him to prison under the circumstances. Baird also contends that the trial court erred in sentencing him to greater than the shortest prison terms authorized for his fourth degree felony offenses. Because we find that the trial court failed to make appropriate findings on the record, we agree. Accordingly, we affirm in part and reverse in part the judgment of the trial court.
 I. {¶ 2} The Hocking County Grand Jury indicted Baird on two second degree felony counts of burglary, one third degree felony count of burglary, two fourth degree felony counts of burglary, one third degree felony count of tampering with evidence, one fourth degree felony count of arson, four fourth degree felony counts of grand theft, one fifth degree felony count of theft, three fifth degree felony counts of breaking and entering, and one fifth degree felony count of possession of criminal tools. While Baird was free on bond awaiting trial on those charges, he committed two more crimes. The Hocking County Grand Jury indicted him on a fifth degree felony charge of breaking and entering and on a fifth degree felony charge of possession of criminal tools.
 {¶ 3} Baird reached a plea bargain with the State pursuant to which Baird pled guilty to two third degree felony burglaries, three fourth degree felony burglaries, one fourth degree felony arson, and one fourth degree felony grand theft in the first case, and the State agreed to dismiss the remaining charges. In the second case, Baird agreed to plead guilty to one fifth degree felony breaking and entering, and the State dismissed the remaining charge.
 {¶ 4} At the sentencing hearings, the trial court noted that Baird has an extensive juvenile record, including violent offenses and theft offenses. Baird's adult record revealed only two misdemeanor noise violations.
 {¶ 5} The trial court sentenced Baird to one year on each of Baird's two third degree felony convictions, to one year on each of Baird's five fourth degree felony convictions, and to six months on Baird's fifth degree felony conviction. The court ordered that Baird serve the two third degree sentences and four of the fourth degree sentences consecutively, making just one of the fourth degree sentences and the fifth degree sentence concurrent to the others. Baird appeals, asserting the following assignments of error: "I. The court below erred when it sentenced defendant to prison on felonies of the fourth degree and a felony of the fifth degree when no O.R.C. Sect. 2929.13(B)(1) prison factors were properly found by the court. II. The trial court erred in sentencing the defendant to greater that (sic) the shortest prison terms authorized for offenses in contravention of O.R.C. Sect. 2929.14(B)."
 II. {¶ 6} Baird argues that his sentences are contrary to law. R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The appellate court may modify the sentence upon clearly and convincingly finding that: (1) the record does not support the sentence; (2) the trial court imposed a prison term contrary to the procedures of R.C. 2929.13(B) because either the court failed to make the preliminary findings before imposing a prison sentence for a fourth or fifth degree felony, or, there was an insufficient basis for imposing a prison term; or (3) the sentence imposed was contrary to law. See R.C. 2953.08(G)(1)(a)-(d); State v.Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11.
 {¶ 7} In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion to the extent we did in the past. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record supporting those findings, and (4) properly applied the statutory guidelines. Dunwoody, supra; see, also, Griffin Katz, Ohio Felony Sentencing Law (1998) 495, Section 9.16.
 {¶ 8} When sentencing a defendant for a fourth or fifth degree non-drug felony, the trial court first must apply the factors listed in R.C. 2929.13(B)(1). State v. Kawaguchi (2000), 137 Ohio App.3d 597, 605;State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21. When any one or more of eight factors enumerated under R.C. 2929.13(B)(1) are present, such as possession of a firearm during the offense, the trial court shall impose a prison term if the court also finds that a prison term is consistent with the principles and purposes of sentencing. R.C. 2929.13(B)(2)(a).
 {¶ 9} While R.C. 2929.13(B)(2)(a) makes prison mandatory ifcertain factors are found and prison is consistent with the principlesand purposes of sentencing, R.C. 2929.13(B)(2)(b) makes a communitycontrol sanction mandatory if no prison factors are found and communitycontrol is consistent with the principles and purposes of sentencing. Anin-between area exists where neither prison nor a community controlsanction is mandated. R.C. 2929.13(B)(2) provides:
(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
 {¶ 10} Thus, when sentencing an offender for a fourth or fifth degree felony, the trial court must first consider whether any of the factors listed in R.C. 2929.13(B)(1) apply. Kawaguchi at 605. Pursuant to R.C. 2929.13(B)(2)(a), the trial court must impose a term of imprisonment if it: (1) finds the existence of any one of those nine factors; and (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that a prison term is consistent with the purposes of principles of sentencing set forth in R.C. 2929.11;[1] and (3) finds that the offender is not amenable to available community control sanctions.
 {¶ 11} Likewise, pursuant to R.C. 2929.13(B)(2)(b), the trial court must sentence the offender to community control if it: (1) does not find the existence of any one of the factors set forth in R.C. 2929.13(B)(1); and (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that community control is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11.
 {¶ 12} When neither prison nor community control is specifically mandated, (i.e., when no combination of the R.C. 2929.13(B)(2)(a) factors or the R.C. 2929.13(B)(2)(b) factors exists) the trial court should exercise sentencing discretion similar to that provided for third degree felonies in R.C. 2929.13(C). Stanley, supra, citing Griffin Katz, Ohio Felony Sentencing Law (1996-1997) 388-89, Section 6.13; State v.Banks (Nov. 20, 1997), Cuyahoga App. No. 72121. See, also, State v.Lazenby (Nov. 13, 1998), Union App. No. 14-98-39 (overruled on other grounds by State v. Martin (1999), 136 Ohio App.3d 355, 362). In that situation, the trial court should comply with the purposes and principles of sentencing under R.C. 2929.11 and should consider the seriousness and recidivism factors set forth in R.C. 2929.12 to determine whether to impose a term of imprisonment or community control sanctions. Stanley;Lazenby; Banks; Griffin Katz (1996-1997) at 389, section 6.13.
 {¶ 13} Additionally, whenever the trial court imposes a sentence of imprisonment for a fourth or fifth degree felony, whether based upon R.C. 2929.13(B)(2)(a) or upon R.C. 2929.11 and 2929.12, the trial court must "make a finding that gives its reasons for selecting the sentence imposed * * *." R.C. 2929.19(B)(2)(a); see, also, State v. Edmonson
(1999), 86 Ohio St.3d 324.
 {¶ 14} In this case, all but two of Baird's offenses are fourth or fifth degree felonies. With respect to one of the fourth degree felonies, the trial court found that Baird possessed a firearm, which is a prison factor under R.C. 2929.13(B)(1)(i). Additionally, Baird committed the fifth degree felony while released from custody on bond, which is a prison factor under R.C. 2929.13(B)(1)(h). With respect to the four remaining fourth degree felonies, the court stated that it found "prison factors," including the large number of offenses Baird committed, his utter disregard for other people's rights, his commission of offenses over a long period of time, and the fact that Baird and his accomplices were looking for guns to steal during some of their offenses. However, these are not enumerated factors under R.C. 2929.13(B)(1).
 {¶ 15} Baird asserts that, because none of the factors set forth in R.C. 2929.13(B)(1) were present with regard to four of the fourth degree felonies, that the trial court was required to impose community control sanctions instead of a term of imprisonment for those felonies. In fact, however, the trial court was only required to impose a community control sanction if, considering the seriousness and recidivism factors set forth in R.C. 2929.12, the court found community control sanctions to be consistent with the overriding purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(b). However, if the court found that community control was not consistent with the purposes and principles of sentencing, even though none of the R.C. 2929.13(B)(1) factors were present, the court had the discretion to sentence Baird to prison under R.C. 2929.13(B)(2)(b). See Stanley, supra; Lazenby, supra;Banks, supra.
 {¶ 16} R.C. 2929.12(D) relates to the likelihood that the offender will commit future crimes. It provides, in part, that recidivism is more likely if the offender has prior convictions, failed to respond favorably in the past to sanctions imposed for previous convictions, has a drug or alcohol abuse problem, and shows no genuine remorse for his crime. R.C. 2929.12(D). Additionally, the trial court is free to consider any other factors that it considers relevant to determining whether the offender is prone to recidivism and whether the offender's conduct was more or less serious than conduct usually constituting the offense. R.C. 2929.12(B) and (D).
 {¶ 17} In this case, the trial court made findings regarding the seriousness of Baird's conduct and his likelihood of recidivism under R.C. 2929.12. The court concluded that community control sanctions would be inconsistent with the purposes of felony sentencing set forth in R.C. 2929.11(A) because Baird poses a high likelihood of recidivism. Specifically, the trial court found that Baird has previous delinquency adjudications and convictions and that he has not responded well to sanctions imposed for those offenses, that Baird has demonstrated a pattern of substance abuse, and Baird shows no remorse for the offenses he committed. After a thorough review of the record, we cannot say that the trial court abused its discretion in imposing prison terms for each of the felony offenses Baird committed.
 {¶ 18} Accordingly, we overrule Baird's first assignment of error.
 III. {¶ 19} In his second assignment of error, Baird contends that the trial court erred in imposing sentences greater than the minimum possible sentences upon Baird for the fourth degree felonies he committed. Baird contends that R.C. 2929.14(B) requires the trial court to impose the shortest prison term authorized when the offender has never served a prison term. The trial court imposed one-year terms of imprisonment for each fourth degree felony, but the minimum prison term for fourth degree felonies is six months. Baird has never served a prison term.
 {¶ 20} "Minimum sentences are favored for first-time imprisonment." State v. Edmonson (1999), 86 Ohio St.3d 324, 325. R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment, unless it "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2); see, also, State v. Jones (2001),91 Ohio St.3d 391, 398. The trial court is not required to "give itsreasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Edmonson at syllabus (emphasis in original). Nor is the court required to use the "talismatic" words contained in the statute. See State v. Mirmohamed (1998), 131 Ohio App.3d 579, 584. However, the court must indicate on the record that it first considered imposing the minimum sentence and then decided to depart from the minimum based on one or both of the permitted reasons. Edmonson at 328;Mirmohamed at 584.
 {¶ 21} In Edmonson, the Supreme Court noted that, although the trial court's remarks at the sentencing hearing arguably constituted reasons supporting a deviation from the minimum sentence, there was "no confirmation that the court first considered imposing the minimum * * * sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons." Therefore, the court vacated the trial court's judgment and remanded the cause for resentencing.
 {¶ 22} Here, the trial court gave several reasons that might support a finding that the shortest prison term would demean the seriousness of the offense or inadequately protect the public. However, the court listed these reasons only in the context of determining whether to impose consecutive or concurrent sentences upon Baird. The court failed to make any statements indicating that it considered whether the shortest possible prison terms would be adequate relative to the fourth degree felonies.
 {¶ 23} Thus, although the record contains evidence supporting a finding that the minimum prison term would demean the seriousness of Baird's offenses or would not adequately protect the public, we cannot attribute such a finding to the court. Because R.C. 2929.14 directs that the trial court "shall" impose the minimum prison term unless it "finds on the record" that the minimum term will demean the seriousness of the offense or will not adequately protect the public, the trial court's imposition of a greater term in the absence of the mandatory finding constitutes error. Accordingly, we must vacate the trial court's imposition of sentence on the fourth degree felonies and remand this cause to the trial court for consideration of whether one or both permitted reasons justifies departure from the minimum sentence.
 {¶ 24} In sum, we affirm in part and reverse in part the judgment of the trial court, and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] The principles and purposes of sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11.