The STATE of Ohio, Appellee,

v.

KAWAGUCHI, Appellant.

[Cite as *State v. Kawaguchi* (2000), 137 Ohio App.3d 597.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75358.

Decided April 17, 2000.

598

*William D. Mason,* Cuyahoga County Prosecuting Attorney, *Linda R. Travis* and *Jeffrey I. Sherwin,* Assistant Prosecuting Attorneys, for appellee.

*Linda Rocker, George H. Carr,* and *Joan M. Englund,* Cooperating Attorneys, and *Raymond Vasvari,* Legal Director, ACLU of Ohio Foundation, Inc.; *Donald Green,* Cuyahoga County Assistant Public Defender, for appellant.

---

TIMOTHY E. McMONAGLE, Judge.

Defendant-appellant Yuriko Kawaguchi ("appellant") appeals the sentence of incarceration imposed by the Cuyahoga County Court of Common Pleas after her plea of guilty to one count of forgery in violation of R.C. 2913.31(A)(1), a felony of the fifth degree. For the reasons stated below, because we find appellant's sentence fails to comport with the purposes as set forth in R.C. 2929.11, we modify her sentence and remand.

The record demonstrates that appellant and two codefendants were arrested on May 27, 1998, after using counterfeit credit cards and identification to obtain both services and computer equipment. Each codefendant was indicted by the Cuyahoga County Grand Jury on twenty-seven counts of criminal conduct.

Pursuant to an agreed plea arrangement, on August 10, 1998, the trial court accepted appellant's plea of guilty to one count of forgery, a fifth-degree felony, conditioned upon restitution and her complete and truthful testimony at the trial of her codefendants. The state entered a *nolle prosequi* on the remaining charges. Appellant appeared for sentencing on September 1, but the trial court continued her sentencing hearing and remanded appellant to prevent her from "leaving the jurisdiction" of the court during the pendency of the codefendants' cases. On September 29, appellant testified at the trial of her codefendants. On October 6, 1998, the court imposed a six-month term of incarceration upon appellant for her conviction of the single count of forgery. Appellant timely appeals her sentence and advances three assignments of error for our review:

"I. The trial court erred by imposing a sentence of incarceration for the express purpose of depriving appellant of the opportunity to exercise her

constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution.

"II. The trial court erred by violating the provisions of R.C. §§ 2929.13(B)(2)(a) and 2929.19(B)(2)(a), which require a recitation on the record of reasons for imposing a sentence of incarceration.

"III. The trial court erred by imposing sentence on appellant outside her presence and without benefit of counsel, in violation of the Sixth Amendment to the United States Constitution."

We consider appellant's assigned errors out of their predesignated order to preserve a more logical review.

In her third assigned error, appellant challenges the sentence imposed and asserts violations of her rights to be present at sentencing and to have effective counsel as safeguarded in the Sixth Amendment to the United States Constitution. Specifically, appellant claims that her sentence was imposed by journal entry made after the sentencing hearing and, therefore, her sentence was imposed outside her presence and without effective counsel present.

■ Crim.R. 43(A) provides: "The defendant shall be present at * * * every stage * * * including * * * the imposition of sentence * * *." Further, it is uncontroverted that the Sixth Amendment right to counsel at sentencing is well established. *United States v. Saenz* (C.A.6, 1990), 915 F.2d 1046, 1048.

The record reveals that at the sentencing hearing the court stated the following:

"All right. What I am going to do at this time, I'm sentencing you to the Ohio State Reformatory for Women at Marysville for six months, credit for time served, and costs are imposed in this case."

Then, the court went on to say:

"If you want to tell me that you would like to serve a term of probation up here in Cuyahoga County and that you have got someplace to stay, and you can sign up for Welfare and receive Medicare and place your child, if you would rather work that out, I'll consider that as well.

"So why don't you discuss that with your lawyer and let me know what you want to do. You can go in the lockup."

Thereafter, the following colloquy was had between the court and appellant's counsel:

"THE COURT: You are not in a position to criticize me.

"MR. VEGH: I'm not criticizing the court. I'm objecting.

"THE COURT: Which has no bearing in this case.

"So go talk to your client or I'll assign another counsel.

"MR. VEGH: I would like another counsel.

"THE COURT: You are removed from representation.

"Mr. Steely, step forward, please. Put her back in lockup.

"MR. VEGH: Your honor, may I go in with them?

"THE COURT: No, because you are off the case."

Upon review of this record, we reject appellant's argument and find that a plain reading of the colloquy that transpired in open court demonstrates that appellant's sentence was imposed during her presence at the sentencing hearing, in open court, and while she was represented by her original court-appointed counsel. The record further reveals that subsequent to the imposition of the term of imprisonment, the court appeared to offer appellant an opportunity to request that the imposed term of imprisonment be vacated and that she be placed on probation, providing that she had "someplace to stay, and [she] sign up for Welfare and receive Medicare and place [her] child." Therefore, we find that appellant's counsel was not removed from representation until after her sentence was imposed and after this subsequent offer was made by the court. Moreover, we do not find that this subsequent and conditional offer by the court to vacate appellant's sentence vitiates the sentence imposed in her presence while she was represented by counsel.

Accordingly, we find no deprivation of appellant's rights to be present at her sentencing and to have effective counsel as guaranteed by the Sixth Amendment to the United States Constitution. Appellant's third assignment of error is without merit.

In her second assigned error, appellant asserts that the trial court committed reversible error when it failed to make a finding that gives its reasons why the imposition of community control sanctions was not an appropriate sentence for her conviction of a felony of the fifth degree. The state, in reliance on *State v. Jordan* (Nov. 12, 1998), Cuyahoga App. No. 73493, 1998 WL 787395, unreported, argues that the failure of the sentencing court to specify the grounds for sentencing does not require reversal because the error was harmless and nonprejudicial.

In *State v. Jordan,* this court affirmed a six-month term of incarceration after Jordan entered a plea of guilty to theft, a felony of the fifth degree. At sentencing, the probation officer reminded the court that in a prior case a jury had found Jordan guilty of aggravated murder, aggravated robbery, and having a weapon while under disability, all with firearm specifications. The journal entry that memorialized Jordan's sentence of a term of imprisonment stated that the

court "considered all required factors under law" and found, "based upon a consideration of factors, that prison is consistent with the purposes of R.C. 2929.11." Jordan's counsel failed to enter objection to the imposition of this sentence. This court reviewed Jordan's sentence under the "plain error" standard and affirmed the trial court's imposition of a term of incarceration. The court reasoned that although the sentencing court failed to "specifically delineate the factors considered under either R.C. 2929.13; R.C. 2929.12 or R.C. 2929.11, given the number of cases [Jordan] had pending before the same trial judge and his lengthy criminal record, * * * this lack of specificity has worked no prejudice on the appellant." *Id.* A separate concurrence noted that the failure of defense counsel to object to the trial judge's omission of his reasons for sentencing prevented reversal of Jordan's sentence under the plain error standard, but acknowledged that "it is clear enough that the legislature intended the trial judge to make a finding and give reasons for the sentence it imposes, even for fourth and fifth degree felonies." *Id.*

We reject the application of the holding of *State v. Jordan* to the matter *sub judice* on three bases. First, subsequent to this court's decision in *Jordan,* in *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, our Supreme Court analyzed the requirements imposed upon the court in R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d). The *Edmonson* court determined that a sentencing court is prevented from imposing a maximum sentence for a single offense unless the court records its findings that give its reasons for selecting the maximum sentence. *Id.* at 329, 715 N.E.2d at 135. The *Edmonson* court found in consideration of the requirements of R.C. 2929.19(B)(2)(d), a statutory provision analogous to the provision at issue *sub judice,* that "[o]bviously, without the finding itself, the court also fails to provide the necessary 'finding that gives its reasons.' R.C. 2929.19(B)(2)(d)." *Id.* Second, in this case, unlike *Jordan,* appellant's counsel objected at sentencing to the imposition of the term of imprisonment. The *Jordan* court concluded that the lack of specificity worked no prejudice upon Jordan and no plain error existed. In this case, we are not constrained to review the imposition of appellant's sentence under the "plain error" standard. Third, we find that the factual circumstances of *Jordan* are readily distinguishable from the matter *sub judice.* In *Jordan,* this court found that the evidence in Jordan's record clearly and convincingly supported the sentence imposed by the trial court by meeting a statutory factor as set forth in R.C. 2929.13(B)(1)(g) and the principles set forth in R.C. 2929.11. In this case, the record does not.

We review the sentence imposed upon appellant pursuant to the mandate provided in R.C. 2953.08(G)(1), which explicitly requires the sentencing judge to

create a record that supports the sentencing decision and allows this court to do the following:

"[I]ncrease, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:

"(a) That the record does not support the sentence;

"(b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense[.]"

■ Thus, the General Assembly mandated a "record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations." *Edmonson* at 327, 715 N.E.2d at 134.

In this case the statutes to be construed are R.C. 2929.13(B) and R.C. 2929.19(B)(2)(a). The first establishes a system of guidance for sentencing for fourth- or fifth-degree felonies and demonstrates a preference for the imposition of community control sanctions and provides:

"(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the *sentencing court shall determine whether any of the following apply:*

"(a) In committing the offense, the offender caused physical harm to a person.

"(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

"(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

"(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's

professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

"(e) The offender committed the offense for hire or as part of an organized criminal activity.

"(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.

"(g) The offender previously served a prison term.

"(h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.

"(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." (Emphasis added.)

The other statute at issue, R.C. 2929.19(B)(2), sets the procedure that a trial court must follow when imposing a sentence of imprisonment for a felony of the fifth degree. As applicable to appellant, R.C. 2929.19(B)(2)(a) mandates that the court in the imposition of sentence *"make a finding that gives its reasons for selecting the sentence imposed* in any of the following circumstances: (a) Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, *if it imposes a prison term for a felony of the fourth or fifth degree* * * *."* (Emphasis added.)

■ Consistent with the analysis of the analogous provision found in R.C. 2929.19(B)(2)(d) as set forth by the Supreme Court in *Edmonson,* we find that the trial court is required pursuant to R.C. 2929.19(B)(2)(a) to specify on the record a finding that gives its reasons for selecting a prison term when imposing a term of imprisonment for a felony of the fifth degree.

■ The record in this case demonstrates that when imposing the sentence of six months' imprisonment, the court concluded that the sentence was "based on all the factors before me as far as releasing her and as far as security." By journal entry, the court found:

"Defendant in court with counsel. The court considered all of the required factors of the law. Attorney Tony Vegh present. On a former day defendant plead [*sic*] guilty to forgery ORC 2913.31 as charged in count 2.

"Defendant addresses the court.

"The court finds that prison is consistent with the purpose of R.C. 2929.11.

"The court imposes a prison term of 6 months at the Ohio reformatory for women, Marysville, Ohio. The sentence includes any extensions provided by law. Defendant to receive jail time credit, to date.

"Defendant to pay court costs."

The trial court, when sentencing an offender for a fifth-degree felony, must first consider whether the factors listed in R.C. 2929.13(B)(1) apply. In this case, our review of the record, including both the transcript of the sentencing hearing and the journal entry, reveals that the trial court made no finding that an R.C. 2929.13(B)(1) factor exists. In this appeal, the state argues that the court articulated its reasons for the imposition of a prison term and, moreover, the court would be required to impose a term of imprisonment if it found that appellant had committed the offense for hire or as part of an organized criminal activity as set forth in R.C. 2929.13(B)(1)(e).

We reject the state's contention on two bases. First, we find that a plain reading of R.C. 2929.13(B)(2) does not require a sentencing court to impose a term of imprisonment if an R.C. 2929.13(B)(1) factor is found to exist as the state suggests. See R.C. 2929.13(B)(2). Further, and most significantly, the sentencing court did not make a finding that appellant's offense was committed as part of an organized criminal activity. In the absence of evidence that the court even considered this factor applicable to appellant, and in the absence of a finding by the court to that effect, we will not presume that the sentencing court imposed the term of incarceration upon appellant because she committed the offense as part of an "organized criminal activity."

Where, as here, the sentence for a fifth-degree felony includes a prison term, but where no finding of one or more of the applicable factors is made, then, this court looks to whether the procedures set forth in R.C. 2929.13(B) were not followed or whether the procedures were followed but there is an insufficient basis for imposing a prison term for the offense. See R.C. 2953.08(G)(1)(b).

First, we consider whether the statutory procedures were followed. The record demonstrates that the sentencing court stated that the sentence was "based on all the factors before [her] as far as releasing her and as far as security," and the journal entry that memorialized appellant's sentence found that prison is "consistent with the purpose of R.C. 2929.11." Although such cursory comments relating to the required procedures cannot "clearly and convincingly" support the conclusion that the procedures set forth in R.C. 2929.13(B) were in fact followed, under these circumstances and for the purposes of this appeal, we will presume that the court properly followed the required procedures.

■　However, in order to lawfully impose a sentence of incarceration for a fifth-degree felony, the record must reflect that the trial court imposed the sentence pursuant to the mandates of S.B. No. 2. Thus, even where the statutory procedures are followed, an appeals court may vacate the sentence and remand the matter to the trial court for resentencing if it "clearly and convincingly finds" that there is an insufficient basis for imposing a prison term for the offense. R.C. 2953.08(G)(1)(b).

The overriding purposes and principles of felony sentencing are set forth as follows in R.C. 2929.11:

"(A) * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. * * *

"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

"(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."

Therefore, we next review whether imposition of community control sanctions is consistent with these purposes after consideration of the seriousness and recidivism factors as set forth in R.C. 2929.12.

The factors relating to the seriousness of the conduct are set forth as follows in R.C. 2929.12(B) and (C):

"(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is *more serious* than conduct normally constituting the offense:

"(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

"(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

"(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

"(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

"(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

"(6) The offender's relationship with the victim facilitated the offense.

"(7) The offender committed the offense for hire or as a part of an organized criminal activity.

"(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

"(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is *less serious* than conduct normally constituting the offense:

"(1) The victim induced or facilitated the offense.

"(2) In committing the offense, the offender acted under strong provocation.

"(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

"(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." (Emphasis added.)

Further, the sentencing court shall consider the factors relating to the likelihood of recidivism of the offender as set forth in R.C. 2929.12(D) and (E) as follows:

"(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the *offender is likely to commit future crimes:*

"(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.

"(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.

"(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

"(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

"(5) The offender shows no genuine remorse for the offense.

"(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the *offender is not likely to commit future crimes:*

"(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

"(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

"(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

"(4) The offense was committed under circumstances not likely to recur.

"(5) The offender shows genuine remorse for the offense." (Emphasis added.)

Finally, consistent with the basic objective of S.B. No. 2 in conserving prison resources, before imposing a prison sentence the court must conclude that the offender is not amenable to an available community control sanction. The basis for concluding that an offender is not amenable to an available community control sanction is the offender's behavior. See Griffin & Katz, Ohio Felony Sentencing Law (1999), at 462. This determination obliges the court to have evidence that the offender will not cooperate with local sanctions and that they will be ineffective in controlling the offender's behavior. *Id.*

In this case, the presentence investigation report considered by the court reveals that none of the factors set forth in R.C. 2929.13(B)(1) was found to apply to appellant. The report indicated that none of the recidivism factors of R.C. 2929.12 was found to apply to her; on the other hand, four of the factors which indicate recidivism is unlikely were found to be applicable to appellant. The presentence report further indicates that none of the "more serious" factors applies to the offense committed by appellant and the offense could be considered "less serious," as no physical harm to persons or property was expected or caused. The report concluded after consideration of the sentencing guidelines as provided in S.B. No. 2 that appellant would be amenable to available community control sanctions. Finally, letters from appellant to the court indicate appellant's remorse for her actions.

A thorough review of the transcript of proceedings reveals that although the court stated that it considered "the factors," it is clear that the sentencing court

failed to make any findings on the record. Moreover, the court failed to state its reasons for imposing a prison term on appellant instead of imposing community control sanctions. Thus, as the *Edmonson* court reasoned, "[o]bviously, without the finding itself, the court also fails to provide the necessary 'finding that gives its reasons.' R.C. 2929.19(B)(2)(d)." *Id.* at 329, 715 N.E.2d at 135.

Therefore, we find that the record fails to demonstrate that any factor as set forth in R.C. 2929.13(B)(1) applies to appellant. We find that the record fails to demonstrate that a nonprison sanction would demean the seriousness of appellant's conduct, and the record fails to show that a community control sanction would not adequately protect the public from future crimes. Finally, we find that there is no evidence in the record of appellant's prior behavior sufficient to support a conclusion that appellant is not amenable to available community control sanctions.

We conclude that the trial court committed reversible error when it failed to meet the statutory mandate of R.C. 2929.19(B)(2)(a) by providing a finding that gives its reasons for the imposition of a term of incarceration for a felony of the fifth degree. Further, we clearly and convincingly find that the sentence of incarceration imposed upon appellant was contrary to law where the record fails to demonstrate that any of the factors listed in 2929.13(B)(1) exists, a community control sanction would not demean the seriousness of appellant's conduct, there is no evidence that a more severe sanction is necessary to deter appellant from future crime, and there is no evidence to support a conclusion that appellant is not amenable to a community control sanction. Thus, the imposition of a term of imprisonment upon appellant fails to comport with the stated purposes of R.C. 2929.11.

Accordingly, we find appellant's second assignment of error to be well taken. Therefore, because we find that appellant's sentence includes a prison term and that the offense for which the prison term was imposed is a felony of the fifth degree and because this court "clearly and convincingly finds" that there is insufficient basis in the record for imposing a prison term for the offense, then, pursuant to the authority granted to us in R.C. 2953.08(G)(1), we vacate appellant's sentence and remand the matter to the trial court for imposition of a sentence of community control sanctions in conformance with the record and the statutory mandate of R.C. 2929.11.

Finally, in her remaining assignment of error appellant contends that the trial court erred by imposing a sentence of incarceration for the express purpose of depriving her of the opportunity to exercise her constitutional right to terminate her pregnancy. Specifically, appellant contends that the trial court is prohibited from imposing a sentence that infringes upon her constitutional rights in the

absence of a rational relationship between the punishment and the underlying crime.

██ The law is replete with examples that demonstrate that we should not reach constitutional issues where a case is capable of resolution on other grounds. See *In re Miller* (1992), 63 Ohio St.3d 99, 110, 585 N.E.2d 396, 405; *In re Boggs* (1990), 50 Ohio St.3d 217, 221, 553 N.E.2d 676, 680–681.

Therefore, based upon our determination that the trial court failed to meet the statutory requirements in sentencing appellant, we find no necessity to reach the constitutional question presented in appellant's first assigned error.

Sentence vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment accordingly.*

KARPINSKI, P.J., concurs.

ROCCO, J., dissents.

ROCCO, Judge, dissenting.

In my opinion, the trial court adequately explained on the record at the sentencing hearing its valid reasons for imprisoning the appellant; therefore, I would overrule the second assignment of error. I would reach the constitutional issue presented by the first assignment of error and would hold that the trial court's sentence could not have deprived appellant of her right to terminate her pregnancy; therefore, I would affirm the trial court's decision.

I

R.C. 2929.13(B) provides the basic standards for sentencing fourth- and fifth-degree felony offenders. It states:

"(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:

"* * *

"(e) The offender committed the offense for hire or as part of an organized criminal activity.

"* * *

"(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent

with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.

"(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."

R.C. 2929.13 does not create any explicit presumption in favor of either community control sanctions or imprisonment for fourth- and fifth-degree felony offenders. Nor can any presumption be implied, particularly in light of the incomplete [1] statutory scheme. Therefore, I disagree with the majority's contention that there is a statutory "preference" for the imposition of community control sanctions.

The majority's assertion of such a preference is inconsistent with our previous holdings in *State v. Davis* (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681 and 73682, unreported, 1998 WL 842142, and *State v. Jordan* (Nov. 12, 1998), Cuyahoga App. No. 73493, unreported, 1998 WL 787395. It is neither required nor justified by the Ohio Supreme Court's decision in *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. One of the two statutes at issue in *Edmonson* created a clear presumption favoring minimum terms of imprisonment for offenders who have never been in prison before; the other expressly limited the circumstances under which the court could impose a maximum term of imprisonment, allowing the court to impose the maximum sentence "only" upon certain listed offenders. R.C. 2929.13(B) does neither of these.

R.C. 2929.19(B)(2)(a) demands that the trial court "make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances":

" * * * if it imposes a prison term for a felony of the fourth or fifth degree * * * its reasons for imposing the prison term, based upon the overriding

---

1. Subsection (B)(2) does not cover the entire range of possible findings by the trial court. The statute does not explain what should happen if, for example, the trial court finds "that a prison term is consistent with the purposes and principles of sentencing" but that the offender is also "amenable to an available community control sanction." Likewise, the statute does not explain what should happen if the court does not make one of the findings described in subsection (B)(1) but finds that community control sanctions are not consistent with the purposes and principles of felony sentencing.

purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender."

Though not grammatical, this statute demands that the trial court must state its reasons for imposing a prison term for a fourth- or fifth-degree felony. Those reasons must be based on (1) the overriding purposes and principles of felony sentencing under R.C. 2929.11, and (2) any factors in R.C. 2929.13(B)(1)(a) to (h) that the court finds applicable.

The requirement that the trial court state *reasons* demands that the court's finding be something more than a "note that [the court] engaged in the analysis." Cf. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 134. While it may be the better practice "for the trial court to state its reasons for imposing a prison term in the judgment entry," *State v. Jordan* (Nov. 12, 1998), Cuyahoga App. No. 73493, unreported, at 6, there is no requirement that the court's reasons be in writing. It is enough if the court orally states its reasons for imprisoning the defendant at the sentencing hearing.

The trial court here did not find any of the factors listed in R.C. 2929.13(B)(1)(a) through (h) before it sentenced appellant.[2] Nonetheless, a sentence of imprisonment still can be imposed on a fifth-degree felony offender if the court finds that the sentence meets the overriding purposes and principles of felony sentencing under R.C. 2929.11 and states its reasons on the record.

Here, the trial court found that appellant posed a risk of flight if placed on probation in Ohio, both because she was not a United States citizen and because she had strong ties to California.[3] The risk of flight concerns "the need for incapacitating the offender," a factor that R.C. 2929.11(A) requires the court to consider in assessing whether the sentence imposed serves the overriding purposes of felony sentencing to protect the public and to punish the offender.

In my view, the risk that appellant would flee the jurisdiction of the court provided sufficient reason for imprisoning her rather than placing her on probation. Significantly, the court sentenced appellant to the minimum term of

---

**2.** The majority suggests that the record fails to demonstrate that any of these factors applies. To the contrary, the presentence investigation report would have amply supported a finding that appellant acted as part of an organized criminal activity. R.C. 2929.13(B)(1)(e). However, the trial court did not state that finding as a reason for its sentencing decision, and thus I do not rely upon it.

**3.** In response to appellant's request to be placed on probation, the court stated, "If I place you on probation, there's the problem of you serving probation here in the State of Ohio. You also represent a flight risk, too, on the west coast, and you are not an American citizen.. * * *"

imprisonment available, so the length of her sentence is not at issue.[4] Cf. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.

Our review of trial court sentencing decisions is limited. This court may vacate a sentence and remand for resentencing only "if the court clearly and convincingly finds" one of the factors listed in R.C. 2953.08(G)(1). As relevant to this appeal, those factors include:

"(a) That the record does not support the sentence;

"(b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree * * *, that the court did not specify in the finding it makes at the sentencing that it found one or more of the factors specified in division (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense."

In this case, the trial court imposed a prison term on an offender convicted of a fifth-degree felony. The court did not specify that it found any of the factors listed in R.C. 2929.13(B)(1)(a) through (h) to apply, either in its journal entry or at the sentencing hearing. The court did follow the procedures set forth in R.C. 2929.13(B), and its basis for imposing a prison term—the risk that appellant would flee if released—was sufficient. Accordingly, I would affirm the trial court's decision.

Finally, even if it were appropriate to vacate the trial court's decision, I disagree with the majority's decision to remand for imposition of community control sanctions instead of remanding for resentencing. The trial court should be free to consider the entire range of available sentences, including both imprisonment and community control. As noted at footnote 2, above, there is already evidence in the record to support a finding on at least one of the R .C. 2929.13(B)(1) factors, and there is no reason why additional evidence could not be presented at resentencing. Sentencing is a classic matter of discretion, and reviewing courts should fear to tread in such areas.

## II

Having concluded that the sentence was supported by the record, I would reach the constitutional question presented by the first assignment of error.

---

4. Appellant's six-month sentence also was not disproportionately long in comparison to the six-year sentences imposed on her codefendants.

Even when in prison, appellant had the right to obtain an abortion. *Monmouth Cty. Correctional Inst. Inmates v. Lanzaro* (C.A.3, 1987), 834 F.2d 326, 351; *Doe v. Barron* (S.D.Ohio 1999), 92 F.Supp.2d 694 (order granting plaintiff's motion for temporary restraining order). The sentence did not require her to carry the child to term or otherwise limit her ability to obtain an abortion; therefore, the sentence of imprisonment could not have deprived her of her right to terminate her pregnancy.

## III

I believe that the six-month sentence of imprisonment was supported by valid reasons that the trial court explained in the sentencing hearing. Accordingly, I must dissent from the majority's decision to vacate the trial court's decision and to remand for imposition of community control sanctions.

I would hold that appellant's constitutional claim lacks merit. Because prisoners have the right to obtain medical care, including abortion services, the sentence of imprisonment could not have deprived appellant of her right to obtain an abortion.

Therefore, I would affirm the trial court's decision.