OPINION
{¶ 1} Appellant Arthur Andrukat appeals from his conviction and sentence in the Court of Common Pleas, Stark County, for menacing by stalking. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 15, 2001, appellant pled guilty to five counts of menacing by stalking (R.C. 2903.211(A)), based on charges that he made numerous threatening telephone calls to five separate female victims. Of these counts, three were fourth-degree felonies, and two were first-degree misdemeanors. The trial court set a sentencing hearing and ordered a presentence investigation. On October 9, 2001, the trial court sentenced appellant to a term of seventeen months in prison for each of the three felony counts, and six months for each of the two misdemeanors counts. The trial court ordered the two six-month misdemeanor sentences to be served concurrently. The trial court further ordered each of the seventeen-month felony sentences to be served consecutively with each other, but concurrently with the six month misdemeanor sentences.
 {¶ 3} Appellant appealed therefrom. However, this Court held that because appellant failed to file a motion for leave (see R.C. 2953.08(C)), we were without jurisdiction to review appellant's assignments of error. Appellant's appeal was thereby dismissed. See State v. Andrukat (Apr. 15, 2002), Stark App. No. 2001CA00324. Appellant thereupon unsuccessfully sought review by the Ohio Supreme Court. See State v. Andrukat,96 Ohio St.3d 1492, 2002-Ohio-4534.
 {¶ 4} On November 4, 2002, appellant obtained delayed leave to appeal to this Court, and herein raises the following two Assignments of Error:
 {¶ 5} "I. The trial court's sentence and findings are not supported by the evidence admitted at the sentencing hearing, and contrary to R.C. 2929.14(B).
 {¶ 6} "II. The three consecutive sentences should not have been imposed and the findings of the trial court were not supported by the evidence admitted at the sentencing hearing.
 Standard of Review {¶ 7} After the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence was modified. Pursuant to present R.C. 2953.08(G)(2), "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 I. {¶ 11} In his First Assignment of Error, appellant contends that his sentence is not supported by the record and is contrary to R.C. 2929.14(B).
 {¶ 12} When sentencing an offender for a fourth or fifth degree felony, the trial court must first consider whether any of the factors listed in R.C. 2929.13(B)(1) apply. State v. Kawaguchi (2000),137 Ohio App.3d 597, 605. R.C. 2929.13(B)(1) reads as follows:
 {¶ 13} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 14} (a) In committing the offense, the offender caused physical harm to a person.
 {¶ 15} (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 16} (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 17} (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 18} (e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 19} (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 20} (g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 21} (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 22} (i) The offender committed the offense while in possession of a firearm."
 {¶ 23} The trial court in the case sub judice found three R.C.2929.13(B)(1) factors: physical harm caused to persons (subsection (a)), the offenses were part of organized criminal activity (subsection (e)), and the activity was a sex-related offense (subsection (f)). In regard to the "physical harm" factor, the trial court noted the following:
 {¶ 24} "In applying the statutory factors, it would be this Court's finding, first of all, that there was physical harm caused to persons.
 {¶ 25} "I think physical harm means harm where people become ill, become sick, those types of things. There is no doubt this happened here. These victims lived in absolute fear.
 {¶ 26} "The Defendant chose to pick on women, that he picked virtually at random, and he terrorized them by repeated phone calls to them.
 {¶ 27} "As a result of that, he caused them to live in constant fear for their own safety, for their own well-being, and for the well-being of their family and their co-workers.
 {¶ 28} "It caused these victims to make radical lifestyle changes and to expend large sums of money out of a sense of fear and to protect themselves, their families, and their co-workers. So the Court would find, first of all, that physical harm had occurred.
 {¶ 29} "Second, this Court would find that these offenses under the statute were part of organized criminal activity.
 {¶ 30} "What I mean by organized criminal activity, as I read the statute I believe it means that there is an organized pattern of ongoing activity.
 {¶ 31} "I have got five victims in this case, and I would indicate that there is no doubt in my mind from reviewing the presentence investigation and the other documents that have been made available to me that there are many more victims out there. They were just not indicted.
 {¶ 32} "There were victims for the most part that did not want to come forward, probably because of their fear situation.
 {¶ 33} "Next, I would also find that this crime is a sex related offense in that there is information in the presentence investigation that these were linked to some form of sexual gratification that the Defendant was receiving off of this particular type of an offense, that he felt charged up or aroused in some way by the conduct.
 {¶ 34} "Now, those would be my findings on the statutory factors." Tr. at 9-11.
 {¶ 35} The presentence investigation reveals appellant followed a pattern of placing anonymous threatening telephone calls to his five victims from pay phones, using a prepaid card to avoid tracing. He chose psychologists or counselors due to his perceived failure of past counseling attempts by other professionals. The choice of realtors as victims was attributed to his similar past disappointment with military recruiters, whom he believed to be persons who failed to deliver promised results. Appellant made such calls and voicemail messages to just one of the victims well over one hundred times between January 2000 and May 2001. He frequently called himself "the boogie man" in these calls, and made threats to kill or that he would "get" his victims, which were randomly selected from phone directories or real estate guide books. Several victims reported being in fear, and one reported losing sleep over the episodes. R.C. 2901.01(A)(3) states: " `Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration.' " Appellant's threats, however disturbing, were never carried out, and he believed he would not get caught. Upon review, we find appellant has demonstrated clearly and convincingly that the 2929.13(B)(1)(a), "physical harm" finding is unsupported by the record. We additionally find the trial court's reasoning behind its "organized criminal activity" and "sex-related offense" findings unsupported by the record. See, respectively, State v.Rodgers, 2000CA00335, 2001-Ohio-1381, as well as the list of sex-related offenses referenced in R.C. 2929.13(B)(1)(f).
 {¶ 36} We therefore progress to the next step in our analysis by turning to R.C. 2929.13(B)(2)(a), which directs as follows:
 {¶ 37} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 38} In the case sub judice, the trial court indeed found that " * * * after consideration of the factors under Revised Code2929.12, the Court also finds that prison is consistent with the purposes of Revised Code Section 2929.11 and the defendant is not amenable to an available community control sanction." Sentencing Entry at 3.
 {¶ 39} Appellant nonetheless argues, in particular as to the "seriousness" consideration under R.C. 2929.12(C)(4)[1] that he expressed remorse in a letter to one of his victims (Exhibit A), that two psychologists prepared reports expressing their opinion that appellant suffered from depression and would benefit from counseling and community control (Exhibits B and D), that his pastor expressed that incarceration would be counterproductive (Exhibit C), and that at age thirty-seven, appellant had no prior offenses. However, we note the General Assembly chose the phrase "substantial grounds to mitigate" in R.C. 2929.12(C)(4); moreover, it is not required " * * * that any certain weight be given to potentially mitigating circumstances; instead, the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." State v. Pitt, Wyandot App. Nos. 16-02-01, 16-02-02,2002-Ohio-2730. As the state aptly replies, the trial court also took notice that appellant randomly picked his targeted women victims, three of whom were counseling professionals, causing them to live in a constant state of fear and forcing them to make significant lifestyle and security changes in order to protect themselves, their families, their co-workers, and their careers. See R.C. 2929.12(B)(2).
 {¶ 40} We thus reach the following conclusions in regard to the sentence at issue. We find the trial court's findings, under R.C.2929.13(B)(1), of "physical harm," "organized criminal activity," and "sex-related offense" not supported by the record. However, we otherwise find appellant has not demonstrated clearly and convincingly that the remainder of the R.C. 2929.13(B)(2)(a) criteria for a prison term are not supported by the record. "When neither prison nor community control is specifically mandated, (i.e., when no combination of the R.C.2929.13(B)(2)(a) factors or the R.C. 2929.13(B)(2)(b) factors exists) the trial court should exercise sentencing discretion similar to that provided for third degree felonies in R.C. 2929.13(C). State v. Baird,
Hocking App. No. 02CA24, 2003-Ohio-1055, citing State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21, citing Griffin Katz, Ohio Felony Sentencing Law (1996-1997) 388-89, Section 6.13; State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121. In such a situation, the trial court should comply with the purposes and principles of sentencing under R.C.2929.11 and should consider the seriousness and recidivism factors set forth in R.C. 2929.12 to determine whether to impose a term of imprisonment or community control sanctions. Id., citations omitted. Thus, although a prison sentence in the case sub judice was not mandated per R.C. 2929.13(B)(2)(a), pursuant to the rationale of Baird, supra, we find insufficient grounds to reduce or modify the sentence, or to vacate and remand for resentencing. See R.C. 2953.08(G)(2).
 {¶ 41} Lastly, appellant argues that he should have been entitled to the R.C. 2929.14(B) presumption of the appropriateness of the shortest authorized prison term, based on his lack of prior imprisonment. However, the record reveals that the trial court overcame said presumption, via R.C. 2929.14(B)(2), by rendering the following finding: "The Court also finds that minimum prison terms would not be appropriate, that they would demean the seriousness of the offense, and that they would not adequately protect the public." Tr. at 14.
 {¶ 42} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 43} In his Second Assignment of Error, appellant contends the trial court erred in failing to meet statutory prerequisites for imposing consecutive sentences, in this case totaling fifty-one months. We disagree.
 {¶ 44} R.C. 2929.14(E)(4) provides: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 45} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 46} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 47} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 48} In the case sub judice, the trial court made findings in its sentencing entry pursuant to the first paragraph of R.C. 2929.14(E)(4): " * * * [C]onsecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public." Sentencing Entry, October 9, 2001, at 3. The trial court also stated the following at the sentencing hearing, pursuant to R.C.2929.14(E)(4)(b) and (c):
 {¶ 49} "This Court also finds that consecutive terms are necessary in this particular matter in that the harm was so great or so unusual that a single term would not adequately reflect the seriousness of the conduct based upon his ongoing well-planned out, well-thought out crimes and the seriousness to these victims.
 {¶ 50} "Consecutive terms are necessary in this case to protect the public, and they are necessary to punish the Defendant; and they are not disproportionate to the conduct and to the danger that he poses to the community based upon his past acts and based upon the potential for any future criminal conduct." Tr. at 14-15.
 {¶ 51} R.C. 2929.19(B)(2)(c) requires that a trial court state its reasons for imposing consecutive sentences. The transcript of the sentencing hearing reveals the trial court's recognition, as noted in our analysis of the First Assignment of Error above, that appellant's threatening behavior not only disrupted the personal lives of five persons chosen at random, who in some cases were simply picked out from a telephone book, but also overwhelmed the personal and professional lives associated with the victims. R.C. 2929.14(E)(4)(b). Although the trial court's R.C. 2929.14(E)(4)(c) finding is less defensible in our view (seeState v. Boland (1999), 147 Ohio App.3d 151, 163, suggesting a limitation of "criminal history" to acts beyond the offenses of conviction), upon review of the transcript of the sentencing hearing and the trial court's sentencing entry, we find that the trial court made the findings required by R.C. 2929.14(E)(4) and sufficiently stated its reasons for imposing consecutive sentences. We further find that the record adequately supports the trial court's findings.
 {¶ 52} Finally, appellant presents a "maximum sentence" argument, pursuant to R.C. 2929. 14(C), under the theory that the aggregate term of fifty-one months exceeds the maximum sentence of eighteen months for a single fourth-degree felony. However, this Court has previously rejected this type of attempt to invoke a requirement for maximum sentence findings. See State v. Alexander (June 14, 2000), Fairfield App. No. 00CA66.
 {¶ 53} Appellant's Second Assignment of Error is overruled.
 {¶ 54} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Boggins, J., concur.
[1] Pursuant to R.C. 2929.12(C)(4), the sentencing court shall consider, inter alia, as indicating that the conduct is less serious than conduct normally constituting the offense, "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."