DECISION.
{¶ 1} This is appellant Jeffrey Clark's second appeal. In his first appeal, Clark sought to overturn his convictions for robbery, receiving stolen property, forgery, and failure to comply with the order of a police officer.[1] One of his assignments challenged the trial court's imposition of the maximum sentence for the robbery offense. Clark argued that the trial court had failed to make the necessary findings to support the sentence. We agreed, vacated the sentence and remanded the case to the trial court for resentencing on the robbery offense.[2]
{¶ 2} Clark's current appeal arises from the resentencing hearing. He raises two assignments of error. He contends that (1) he was denied his right to counsel as guaranteed under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, and (2) the trial court erred by imposing the maximum prison term for the robbery offense on the grounds that he had failed to acknowledge his substance-abuse problem and that he had shown no remorse.
{¶ 3} At the resentencing hearing, Clark requested a substitution of counsel. The attorney who had initially represented him had been appointed to represent Clark at the resentencing. At the hearing, counsel stated that Clark did not want him as his attorney because Clark was disappointed in the sentence he had originally received. The trial court failed to seek further information from Clark before it refused to substitute counsel. It simply found that counsel was capable and that the case was before the court "only on a resentence."
{¶ 4} Clark had a Sixth Amendment right to have counsel at the time of his original sentencing.[3] Obviously, this same right applied to his resentencing. And Clark did have counsel at his resentencing hearing. What Clark is asserting, however, is that the trial court erred by not granting the oral motion for substitution of counsel made on his behalf.
{¶ 5} In this case, counsel provided as Clark's reason for the requested substitution that Clark was disappointed, in view of his success in the first appeal, that the trial court had originally imposed a seven-year sentence. The trial court told Clark's counsel, "That's too bad, but you are going to represent him. You're capable of representing him. We're here only on a resentence." The trial court then asked counsel if he had anything to say on Clark's behalf. Counsel's advocacy consisted only of a request that the trial court consider a lesser sentence. There was nothing more. The trial court then asked Clark what he wanted to say. Clark provided a history of what he had accomplished since imprisonment.
{¶ 6} We first stress that a resentencing hearing is just as important and pivotal an aspect of the criminal proceedings as the original sentencing hearing. The hearing is not "only a resentence." It is an opportunity for the trial court to correct its prior sentencing error and to sentence a defendant as mandated by the legislature, with all his constitutional and statutory rights intact. It is not to be treated as a pro forma rubberstamp of the original sentence. It is a process by which the defendant is to be sentenced anew, with the trial court following the instructions provided by a reviewing court.
{¶ 7} Factors we are to consider when deciding whether the trial court has erred in denying a defendant's motion for substitution of counsel are the motion's timeliness, "the adequacy of the court's inquiry into the defendant's complaint, and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense."[4] To warrant a substitution of counsel, a defendant must show good cause.[5] Included as "good causes" are a conflict of interest, a complete breakdown of communication, or "an irreconcilable conflict that leads to an apparently unjust verdict."[6] Additionally, the defendant's right to counsel of his choice must be balanced with "the public's interest in the prompt and efficient administration of justice."[7]
{¶ 8} Further, if a trial court refuses to make an inquiry "into a seemingly substantial complaint about counsel when [it] has no reason to suspect the bona fides of the defendant, or if on discovering justifiable dissatisfaction a court refuses to replace the attorney, the defendant may then properly claim denial of his Sixth Amendment right."[8] Where there is no conflict in which a Sixth Amendment problem is presented, the trial court has discretion to grant a substitution of counsel.[9]
{¶ 9} In this case, the trial court made no inquiry into the relationship between Clark and his court- appointed attorney. The record clearly supports the assertion that Clark's appointed counsel had previously allowed the trial court to improperly sentence Clark. Obviously, this was a substantial complaint based on a justifiable dissatisfaction and a basis for a lack of trust. We conclude that the trial court erred in failing to make an adequate inquiry into whether Clark's motion for substitution should have been granted. The lack of advocacy by Clark's counsel at the resentencing hearing reinforces our conclusion that the trial court should have discussed with Clark the reasons behind his motion. We sustain Clark's first assignment.
{¶ 10} Clark's second assignment is rendered moot by our disposition of his first assignment.
{¶ 11} Accordingly, we once again vacate Clark's sentence and remand this case to the trial court with instructions to make an adequate inquiry into whether Clark's motion for substitution of counsel should be granted and for resentencing for the robbery offense in the case numbered B-0101787.
Judgment accordingly.
Doan, P.J., Painter and Winkler, JJ.
[1] See State v. Clark, 1st Dist. No. C-010532, 2002-Ohio-3135.
[2] See id. at ¶ 16.
[3] See State v. Kawaguchi (2000), 137 Ohio App.3d 597, 600,739 N.E.2d 392, citing United States v. Saenz (C.A.6, 1990), 915 F.2d 1046,1048; State v. Lewis (Sept. 4, 1997), 8th Dist. No. 71075; Cleveland v.Scully (June 2, 1994), 8th Dist. No. 63919.
[4] State v. Jones, 91 Ohio St.3d 335, 342, 2001-Ohio-57,744 N.E.2d 1163, quoting United States v. Jennings (C.A.6, 1996),83 F.3d 145, 148.
[5] See State v. Carter (June 16, 2000), 1st Dist. No. C-990914.
[6] Id., citing State v. Robinson (Nov. 3, 1988), 8th Dist. No. 54582, citing State v. Pruitt (1984), 18 Ohio App.3d 50, 57, 480 N.E.2d 499.
[7] Id. at 434.
[8] State v. Pruitt at 57, quoting United States v. Calabro (C.A.2, 1972), 467 F.2d 973, 986.
[9] See id.