DECISION AND JUDGMENT ENTRY
{¶ 1} Jason Wayne Monroe appeals the sentence imposed upon him by the Washington County Court of Common Pleas for three fourth degree felony counts of disrupting public services, violations of R.C.2909.04(A)(1). Monroe asserts that the trial court erred in sentencing him to three consecutive one-year prison terms because the sentence defies the overriding principles of felony sentencing. Because the trial court properly considered the overriding purposes of felony sentencing and the seriousness and recidivism factors in accordance with R.C. 2929.11
and 2929.12, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Washington County Grand Jury indicted Monroe on three fifth degree felony counts of disrupting public services, nine fifth degree felony counts of possession of criminal tools, two fifth degree felony counts of breaking and entering, one fourth degree felony count of safecracking, and one second degree felony count of engaging in a pattern of corrupt activity. The State later amended the three disrupting public services counts to felonies of the fourth degree.
 {¶ 3} Monroe pled not guilty to all charges. Subsequently, Monroe withdrew his not guilty plea. He pled guilty to the three fourth degree felony counts of disrupting public services, violations of R.C.2909.04(A)(1). The State dismissed the remaining counts in the indictment.
 {¶ 4} The recitation of facts at the change of plea hearing reveals that Monroe and an accomplice went on a crime spree. The two men cut the telephone lines at local businesses in an attempt to disable the alarm systems, enter the businesses, and steal money or property.
 {¶ 5} At the sentencing hearing, the trial court noted that Monroe caused physical harm to the property of the businesses, destroying the door at one, and that he disrupted the businesses. The court noted that Monroe's criminal and juvenile delinquency history is extensive. The court found that Monroe is not amenable to community control sanctions, and that a prison term is consistent with the purposes and principals of sentencing to protect the public from further crime and to punish the offender. The court further found that consecutive sentences: (1) are necessary to punish Monroe; (2) are not disproportionate to the seriousness of Monroe's conduct; and, (3) are necessary to protect the public from future crime by Monroe.
 {¶ 6} The court sentenced Monroe to serve a one-year term of imprisonment on each count, with the three one-year terms to run consecutively. The court also ordered Monroe to make restitution to the victims in the amount of $1,057 to the first victim, $621.27 to the second victim, and $79.32 to the third victim.
 {¶ 7} Monroe appeals, asserting the following single assignment of error: "The trial court erred in sentencing Mr. Monroe to three consecutive one-year prison terms because Mr. Monroe's sentence defies the overriding principles of felony sentencing."
 II. {¶ 8} Monroe argues that his sentence is contrary to law and that the record does not support his sentence. R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The record on appeal must include any pre-sentence or psychiatric reports, the trial record, and all oral or written statements made at the sentencing hearing. R.C.2953.08(F). We may modify the trial court's sentence upon clearly and convincingly finding that: (1) the record does not support the sentence; (2) the trial court imposed a prison term contrary to the procedures of R.C. 2929.13(B) because either the court failed to make the preliminary findings before imposing a prison sentence for a fourth or fifth degree felony, or, there was an insufficient basis for imposing a prison term; or (3) the sentence imposed was contrary to law. See R.C.2953.08(G)(1)(a)-(d); State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported.
 {¶ 9} In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion to the extent we did in the past. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record supporting those findings; and, (4) properly applied the statutory guidelines. Dunwoody, supra; see, also, Griffin Katz, Ohio Felony Sentencing Law (1998) 495, Section 9.16.
 A. {¶ 10} When sentencing a defendant for a fourth or fifth degree non-drug felony, the trial court first must apply the nine factors listed in R.C. 2929.13(B)(1). State v. Kawaguchi (2000), 137 Ohio App.3d 597,605; State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21, unreported. One of those nine factors, listed at R.C. 2929.13(B)(1)(g), requires the court to determine whether the offender previously served a prison term.
 {¶ 11} Pursuant to R.C. 2929.13(B)(2)(a), the trial court must impose a term of imprisonment if it: (1) finds the existence of any one of the nine factors; and, (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, namely, "to protect the public from future crime by the offender and others and to punish the offender;" and, (3) finds that the offender is not amenable to available community control sanctions. Additionally, whenever the trial court imposes a sentence of imprisonment for a fourth or fifth degree felony, the trial court must "make a finding that gives its reasons for selecting the sentence imposed * * *." R.C.2929.19(B)(2)(a); see, also, State v. Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 12} In this case, one of the nine R.C. 2929.13(B)(1) factors was present because Monroe served a prior prison sentence. The trial court made findings regarding the seriousness of Monroe's conduct. Monroe contends that his conduct was less serious on at least one of the three counts, in that he caused only $79 in damages. However, the court concluded that no factors rendered Monroe's conduct less serious. The court noted that the record contains evidence that Monroe caused physical damage to the victims' properties. Moreover, monetary damages alone do not dictate the seriousness of an offense. The circumstances surrounding Monroe cutting the telephone lines at each of the businesses in this case reveal an intention to steal money or property. Thus, the record supports a finding that Monroe's crime was more serious.
 {¶ 13} The court also concluded that Monroe poses a high likelihood of recidivism under R.C. 2929.12. Specifically, the record contains evidence that Monroe, as a juvenile, was adjudicated delinquent twice, once for arson and once for driving under the influence. As an adult, Monroe earned convictions for an array of misdemeanor and felony offenses and served multiple prison terms, with more than ten convictions between 1992 and 2000. At the time of sentencing, Monroe was awaiting sentencing on felony convictions for safecracking and breaking and entering in Hocking County. The court concluded that community control sanctions would be inconsistent with the purposes of felony sentencing set forth in R.C. 2929.11(A) because Monroe poses a high likelihood of recidivism.
 {¶ 14} After weighing the seriousness and recidivism factors, the court found that a one-year term of imprisonment on each count is commensurate with and does not demean the seriousness of Monroe's conduct and its impact upon his victims. Upon review, we find that the trial court considered the statutory factors, made the required findings, relied on substantial evidence in the record supporting those findings, and properly applied the statutory guidelines.
 {¶ 15} Monroe also argues that a one-year prison term for the offense in which the victim sustained only $79 in damages is unnecessarily burdensome for Ohio taxpayers, given the thousands of dollars it will cost to incarcerate him. A sentence that is unnecessarily burdensome on public resources is contrary to R.C. 2929.13(A). However, in applying the seriousness and recidivism factors, the court is not limited to considering only the offense committed and its results. Statev. Jordan, Athens App. No. 01CA4, 2002-Ohio-417; State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21. Rather, the court may consider anything in the record, the pre-sentence investigation report, or the transcript of the sentencing hearing. Given Monroe's extensive criminal history and his potential for costing the public more by remaining free and committing new crimes, we cannot say that a one-year term creates an unreasonable burden on public resources.
 {¶ 16} Therefore, we find that Monroe's sentences are not contrary to law, and that the trial court did not err in sentencing Monroe to one-year prison terms on each count.
 B. {¶ 17} Monroe also asserts that the trial court erred in ordering him to serve his sentences consecutively rather than concurrently. In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentences. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when "the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * * (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 18} Thus, the inquiry under R.C. 2929.14(E)(4) is a "tripartite procedure." State v. Hiles (Nov. 6, 2000), Hocking App. No. 99CA23, citingState v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." Second, the court must find that consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" he poses. Finally, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) — (c). Id.
 {¶ 19} The verb "finds," as used in R.C. 2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. See Edmonson, 86 Ohio St.3d at 326; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21. Additionally, the court must comply with R.C. 2929.19(B)(2)(c), which requires that the sentencing court make findings that give its reasons for deciding to impose consecutive sentences under R.C. 2929.14. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Brice.
 {¶ 20} In this case, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish Monroe, that consecutive sentences are not disproportionate to the seriousness of Monroe's conduct and the danger that Morris poses to the public, and that Monroe's extensive history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Monroe. The record supports the trial court's findings, as it details Monroe's extensive record of criminal convictions and indicates that Monroe's actions were part of a crime spree.
 {¶ 21} We find that the trial court engaged in the tripartite analysis required by R.C. 2929.14(E) and made findings identifying specific reasons to support consecutive sentences as required by R.C.2929.19(B)(2)(c). We further find that the record supports the trial court's findings in this case, and that the trial court did not err in imposing consecutive sentences.
 {¶ 22} Because a one-year prison term for each count is not contrary to law in this case, and further because consecutive terms are not contrary to law in this case, we overrule Monroe's assignment of error. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. and Harsha, J.: Concur in Judgment and Opinion.