DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from various Washington County Common Pleas Court judgments of conviction and sentence, entered on guilty pleas, that found Jamie Jones, defendant below and appellant herein, guilty of two counts of breaking and entering, in violation of R.C. 2911.13, and two counts of theft, in violation of 2913.02(A)(1) (B)(1). Appellant assigns the following errors for review:
 {¶ 2} FIRST ASSIGNMENT OF ERROR:
"Clear and convincing evidence exists to show the trial court erred by imposing a prison sentence for the fifth degree felonies in Case No. 02 CR 253."
 {¶ 3} SECOND ASSIGNMENT OF ERROR:
"Clear and convincing evidence exists to show the trial court erred in imposing the maximum sentence for first prison term, fifth degree felonies in Case No. 02 CR 253."
 {¶ 4} THIRD ASSIGNMENT OF ERROR:
"Clear and convincing evidence shows that the trial court erred in imposing consecutive sentences."
 {¶ 5} On September 12, 2002, the Washington County Grand Jury returned an indictment (Case No. 02CR253) charging appellant with (1) three counts of breaking and entering, in violation of R.C.2911.13; (2) three counts of theft, in violation of R.C.2913.02(A)(1); and (3) one count of safecracking in violation of R.C. 2911.31.[1] Appellant initially pled not guilty to these offenses. On December 16, 2003, appellant agreed to plead guilty to counts 1, 5 and 6 of the indictment in exchange for the dismissal of the remaining four counts. The trial court accepted his pleas and passed the matter for a pre-sentence investigation. During that investigation, appellant visited a Marietta jewelry store and, when a clerk was distracted, exited the store with several pieces of jewelry. Appellant made his way to Kentucky where he was ultimately arrested while attempting to pawn the jewelry. As a result of his arrest and incarceration in Kentucky, appellant missed his sentencing hearing in Case No. 02CR253.
 {¶ 6} The Washington County Grand Jury returned an indictment charging appellant with an additional count of theft, in violation of R.C. 2913.02(A)(1) (Case No. 03CR73), for the theft of the jewelry. The authorities also charged appellant with the breach of his recognizance from the first case (Case No. 03CR46). Appellant eventually agreed to plead guilty to the theft offense in exchange for a dismissal of the breach of recognizance charge.
 {¶ 7} These matters came on for sentencing on May 19, 2003. In Case No. 02CR253, the trial court ordered appellant to serve a definite twelve month term on each breaking and entering charge and a six month term on the theft charge. The court ordered all of these sentences to be served concurrently. In Case No. 03CR73, the court sentenced appellant to a definite twelve month term to be served consecutively to the sentence imposed in Case No. 02CR253. Thus, in total, the court ordered appellant to serve two years of incarceration. This appeal followed.[2]
 I {¶ 8} Appellant argues in his first assignment of error that the trial court erred when it imposed prison sentences for the two fifth degree felonies (breaking and entering) in Case No. 02CR253.[3] We disagree with appellant.
 {¶ 9} Before imposing a prison sentence for a fifth degree felony, a trial court must first consider if the R.C.2929.13(B)(1) factors apply. State v. Kawaguchi (2000),137 Ohio App.3d 597, 605, 739 N.E.2d 392; State v. Meredith, Athens App. No. 02CA5, 2002-Ohio-4508, at ¶ 18. Those factors include:
"(a) In committing the offense, the offender caused physical harm to a person.
(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
(e) The offender committed the offense for hire or as part of an organized criminal activity.
(f) The offense is a sex offense * * *
(g) The offender previously served a prison term.
(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
The offender committed the offense while in possession of a firearm."
 {¶ 10} If a court, after it considers the R.C. 2929.12
sentencing factors, determines that a prison term is consistent with the purposes and principles of sentencing set forth in R.C.2929.11, and if the court determines that the offender is not amenable to community control, the court shall impose a prison sentence. R.C. 2929.13(B)(2)(a). Conversely, if a court finds that none of the sentencing factors exist and, after it considers the R.C. 2929.12 factors, finds that community control is consistent with the purposes and principles of sentencing, the court shall impose community control upon the offender. R.C.2929.13(B)(2)(b).
 {¶ 11} In sentencing appellant to a prison term for breaking and entering, the trial court pointed out that appellant committed these offenses while on "Community Control with the Marietta Municipal Court for another crime." This is sufficient to comply with R.C. 2929.13 (B)(1). The court then must consider the following from R.C. 2929.12:
"B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
The offender held a public office or position of trust in the community, and the offense related to that office or position.
The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
The offender's relationship with the victim facilitated the offense.
The offender committed the offense for hire or as a part of an organized criminal activity.
In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children."
 {¶ 12} The trial court expressly stated in its sentencing entry that the crimes caused "serious economic harm" to the victims and that appellant's relationship with two of the victims (he was employed at two of the establishments involved) helped to facilitate the offenses. This satisfies R.C. 2929.12(B)(2)(6). Appellant counters that the record does not support a finding of economic harm. Again, we disagree. The pre-sentence investigation report states that (1) approximately $600 was taken from the Becky Thatcher Showboat; (2) in excess of $50 was taken from Bauer Vision Center; and (3)nearly $700 was taken from the Busy Bee Restaurant. This supports the trial court's findings.[4]
 {¶ 13} Appellant also objects to the trial court's comment, made at the sentencing hearing, that appellant caused physical harm to the premises. He argues that no evidence supports this finding. We, however, need not concern ourselves with that comment. First, the trial court listed sufficient reasons in the sentencing entry to comply with R.C. 2929.12(B). Thus, any error in this particular issue is harmless. See Crim. R. 52(A). Second, although we look to both the trial court's sentencing entry and the hearing transcript to determine if the court complied with the requisite sentencing criteria, we note that courts ultimately speak through their journal entries and not by oral pronouncement. Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380,382, 667 N.E.2d 1194; State v. King (1994), 70 Ohio St.3d 158,162, 637 N.E.2d 903; Schenley v. Kauth (1953), 160 Ohio st. 109, 113 N.E.2d 625, at paragraph two of the syllabus. The court did not, however, carry this particular finding into the sentencing entry. Thus, we need not concern ourselves with the issue of sufficient evidence supports this finding.
 {¶ 14} After the court considered the factors in R.C.2929.13(B)(1) and R.C. 2929.12(B), the court concluded that appellant is not amenable to community control sanctions and imposed the two twelve month sentences. Appellant asserts that the court failed to comply with R.C. 2929.19(B)(2)[5] which provides, in pertinent part:
"The court shall impose a sentence and shall make a findingthat gives its reasons for selecting the sentence imposed in any of the following circumstances:
Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, its reasons for imposing the prison term, basedupon the overriding purposes and principles of felony sentencingset forth in section 2929.11 of the Revised Code, and any factorslisted in divisions (B)(1)(a) to (i) of section 2929.13 of theRevised Code that it found to apply relative to the offender."
 {¶ 15} Once again, we disagree with appellant. The trial court noted, at several points in its sentencing entry, that it imposed prison terms to punish the appellant and to protect the public. The court also noted that appellant committed these offenses while on community control for another offense (thus indicating that he is not amenable to further attempts at community control). The court also observed that appellant has an extensive criminal background which also suggests that he is very likely to recidivate.
 {¶ 16} For all these reasons, we find that the trial court considered the proper criteria for imposing prison sentences and sufficiently set out its reasons for so doing. Accordingly, we find no merit in the first assignment of error and it is accordingly overruled.
 II {¶ 17} Appellant argues in his second assignment of error that the trial court erred by imposing the maximum sentences allowable for the two fifth degree felonies in Case No. 02CR253. In particular, appellant contends that insufficient evidence supports the trial court's imposition of the maximum sentences.
 {¶ 18} In its brief, the prosecution concedes that, pursuant to State v. Comer, 99 Ohio St.3d 463, 793 N.E.2d 473,2003-Ohio-4165, the trial court erred by failing to orally set forth its reasoning at the sentencing hearing. Accordingly, in light of this concession, we hereby reverse the trial court's judgment and remand the case for further proceedings. We note, however, that a questions exists whether, in fact, Comer
applies to this case.[6]
 {¶ 19} Therefore, based on the foregoing reasons we find appellant's second assignment of error well-taken and it is hereby sustained.
 III {¶ 20} Appellant argues in his third assignment of error that the trial court erred by ordering the sentences from Case No. 03CR73 to be served consecutively to the sentences imposed in Case No. 02CR253. We disagree with appellant.
 {¶ 21} Our analysis begins with R.C. 2929.14(E)(4) which provides:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 22} This statute sets out a "tri-partite procedure" for imposing consecutive prison sentences: first, the trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender; second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses; and third, the court must find the existence of one of the three circumstances set out in sub-parts (a) through (c). State v. Lovely (Mar. 21, 2001), Scioto App. No. 00CA2721; State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28. The trial court must also make a finding that gives its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c).
 {¶ 23} While we find no indication in the sentencing entry that the court engaged in the requisite analysis, we do find the following comments in the sentencing hearing transcript:[7]
"The Court has imposed consecutive sentences. Again, the Court finds he was on community control when the offense was committed, the harm caused was great, and this is as to both of the offenses — or, both of the cases involved, and he has anextensive criminal record, all of which requires consecutive sentences. That is required to protect the public and to punishthe offender, as I've previously indicated.
The Court finds further that consecutive sentences are necessary to fulfill the purposes and principles of sentencing and are not disproportionate to the seriousness of him conduct
and the danger he imp — [sic] he poses to the public." (Emphasis added.)
 {¶ 24} We believe the trial court adequately (1) considered the proper criteria and (2) expressed its reasons for imposing consecutive sentences.[8] The court expressly found that multiple sentences are necessary to both protect the public and punish appellant, and that consecutive sentences are not disproportionate to appellant's conduct. We note that the court again cited appellant's extensive criminal record.
 {¶ 25} The trial court returned to this theme again and again, both at the hearing and in its sentencing entry. Appellant was charged with multiple theft offenses. The offenses were also committed while appellant was on community control in another, unrelated, case. Further, the offense committed in Case No. 03CR73 occurred while appellant was under pre-sentence investigation in Case No. 02CR253. As the trial court cogently indicated at the sentencing hearing, it appears that the only way to protect the citizens of Ohio, Kentucky and West Virginia from future theft offenses perpetrated by appellant is to incarcerate him.[9] In any event, we find that the trial court adequately complied with the R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c) and we hereby overrule appellant's third assignment of error.[10]
Judgment affirmed in part, reversed in part and remanded for further proceedings.
Kline, P.J., and Harsha, J., concur in judgment and opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] These charges stemmed from different theft offenses at the Becky Thatcher Showboat on November 18, 2001, Bauer Vision Center on January 3, 2002, and the Busy Bee Restaurant on May 29, 2002.
[2] Appellant filed notices of appeal in each case but, on June 19, 2003, we sua sponte ordered the appeals consolidated for purposes of briefing and final decision.
[3] Throughout his argument, appellant also makes a number of oblique references to the trial court not satisfying statutory sentencing criteria with respect to the felony at issue in Case No. 03CR73. Because his first assignment of error only addresses the felony convictions in Case No. 02CR253, we limit our analysis to that portion of the case.
[4] We parenthetically note that appellant did not challenge the factual representations in this report during the trial court proceedings or on appeal.
[5] Appellant actually cites "R.C. 2929.19(2)(a)" in his brief which appears to be a typographical error.
[6]We note that Comer addressed procedural requirements for the imposition of sentences. In the instant appeal, appellant attacks the sufficiency of the evidence to impose that sentence, not the procedure by which it was imposed. More importantly, however, Comer does not appear to involve the same issues as are involved under this assignment of error. The first paragraph of the Comer syllabus goes to imposition of consecutive sentences under R.C. 2929.19(B)(2)(c). In this assignment of error, appellant does not contest the trial court's decision to order consecutive sentences; rather, appellants contests the decision to impose maximum sentences. The second syllabus paragraph goes to imposing a "nonminimum sentence" on a "first offender" pursuant to R.C. 2929.14(B). While this case does appear to involve a "nonminimum sentence" (whatever that is — presumably a "maximum" sentence would be nonminimum), appellant is not a "first time" offender as his lengthy criminal background demonstrates. For these reasons, we question whether Comer
applies to this assignment of error. We also note that theComer decision does nothing to relieve the already Byzantine complexity of Ohio's felony sentencing laws. As aptly noted in the dissent to that case, the Ohio Criminal Sentencing Commission was charged with simplifying the sentencing structure to make it "readily understandable by the citizens of the state."99 Ohio St.3d 463. Unfortunately, confusion appears to reign.
Moreover, nothing in our decision today should be misconstrued as criticism of the trial court. Indeed, from our review of the record the trial court went to Herculean efforts to comply with the sentencing statutes. Moreover, nothing in this decision should be misconstrued as a statement on the merits of the assignment of error. We need not, and do not, reach the issue of whether sufficient evidence exists to impose maximum sentences. Rather, we only address the procedural aspect of this issue.
[7] When it is not apparent from the sentencing entry that the trial court considered the proper statutory criteria, we turn to examining the record as a whole (including the transcript of the sentencing hearing) to see if the requirements were fulfilled.State v. Keerps, Washington 02CA2, 2002-Ohio-4806, at ¶ 21.
[8] This court, and others, has consistently held that trial courts need not give a rote recitation of talismanic language in order to satisfy the statute. See State v. Martin (2000),140 Ohio App.3d 326, 334-335, 747 N.E.2d 318; State v. Boshko
(2000), 139 Ohio App.3d 827, 839, 745 N.E.2d 1111; State v.White (1999), 135 Ohio App.3d 481, 486, 734 N.E.2d 848. Rather, we need only determine if the record contains some indication that the court considered the proper statutory factors.
[9] The pre-sentence investigation report reveals that appellant has been charged with theft offenses in all three states — Ohio, Kentucky and West Virginia.
[10] Appellant also asserts that the trial court failed to comply with Comer in imposing consecutive sentences. We disagree. The trial court's sentencing hearing comments satisfy the Comer requirements.