OPINION
{¶ 1} This expedited appeal matter comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Paul Ice, appeals the decision of the Columbiana Court of Common Pleas sentencing him to fifteen months of prison for two counts of pandering sexually oriented matter involving a minor, felonies of the fourth degree, and one count of voyeurism, a misdemeanor of the third degree. Because the record does not support the trial court's decision to impose a prison term rather than community control, we vacate Ice's sentence and remand this matter for resentencing in accordance with this opinion.
 {¶ 2} It can be gleaned from the record that Ice had lawful sexual relations with a sixteen year old and with her consent, made a videotape. Portions of the videotape, showing the victim in the nude, were discovered on a tape rented at a local grocery store. On September 30, 2005, Ice pleaded guilty to two counts of pandering sexually oriented matter involving a minor and one count of voyeurism.
 {¶ 3} A sentencing hearing was conducted and several people took the stand in order to testify on behalf of Ice including his employer, an uncle who is a police officer, and a member of the East Liverpool School Board. All of these witnesses testified that Ice should be placed on community control and that they would assist him in his efforts to rehabilitate and stay out of trouble. After Ice rested his case, the victim's mother took the stand and testified that her daughter was hurt and embarrassed by Ice's actions. After hearing the evidence, the trial court imposed a fifteen month prison sentence upon Ice. It is from that decision that Ice now appeals. Although Ice has brought two assignments of error, our resolution of his second assignment of error renders the remaining assignment moot.[1]
 {¶ 4} More specifically, Ice claims:
 {¶ 5} "The trial court erred to the prejudice of Appellant by imposing a sentence that is contrary to law, that is excessive, and that does not comply with the sentencing guidelines."
 {¶ 6} "When sentencing a defendant for a fourth or fifth degree non-drug felony, the trial court first must apply the factors listed in R.C. 2929.13(B)(1). State v. Kawaguchi
(2000), 137 Ohio App.3d 597, 605, 739 N.E.2d 392. Pursuant to R.C. 2929.13(B)(2)(a), the trial court must impose a term of imprisonment if it: (1) finds the existence of any one of those nine factors; and (2) finds, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that a prison term is consistent with the purposes of and principles of sentencing set forth in R.C. 2929.11; and (3) finds that the offender is not amenable to available community control sanctions.
 {¶ 7} Additionally, whenever the trial court imposes a sentence of imprisonment for a fourth or fifth degree felony, whether based upon R.C. 2929.13(B)(2)(a) or upon R.C. 2929.11 and2929.12, the trial court must "make a finding that gives its reasons for selecting the sentence imposed * * *." R.C.2929.19(B)(2)(a); see, also, State v. Edmonson (1999),86 Ohio St.3d 324.
 {¶ 8} With respect to sentencing, the trial court stated the following in this case:
 {¶ 9} "I have read the presentence report and I have had the benefit of reading some of the other evidentiary material in this case throughout the course of this case. The record does reflect that this — this case was worsened by the age of the victim, being only sixteen; was facilitated by the Defendant's relationship with the victim. And is also worsened by the fact that the Defendant does work with youth, or was working with youth in his capacity as a wrestling coach.
 {¶ 10} "He does have one prior adjudication as a delinquent, which was sometime ago, and really isn't of much account in this case I don't think.
 {¶ 11} "Since an adult he doesn't have any prior criminal convictions, and basically, other than this offense, has been law abiding. Although there were two cases that were dismissed in the East Liverpool Municipal Court as shown by the presentence report.
 {¶ 12} "And obviously, this crime is a sex offense.
 {¶ 13} "In considering all of these things and the type of crime, I think that the seriousness factors outweigh the recidivism factors in this case, and I feel that a prison term is consistent with the purposes of this statute. I think that this is the type of crime where punishment is warranted, regardless of whether any rehabilitation can or not be accomplished at the prison system.
 {¶ 14} "I find that the Defendant is not amenable to community control sanctions."
 {¶ 15} First, we must determine whether the trial court properly applied R.C. 2929.13(B)(1). Arguably, the trial court satisfied this duty when it noted that Ice had committed a sex offense since Ice was convicted of two counts of pandering sexually oriented matter involving a minor in violation of R.C.2907.322. One of the nine factors the court should look at is whether:
 {¶ 16} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04,2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or2907.34 of the Revised Code."
 {¶ 17} We must next determine whether the trial court properly determined that, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, that a prison term is consistent with the purposes of and principles of sentencing set forth in R.C. 2929.11. Here, the trial court placed most of the emphasis on the age of the parties involved, the fact that Ice's relationship to the victim's mother facilitated the offense, and that Ice was a wrestling coach responsible for children.
 {¶ 18} Ice argues, and we tend to agree, that the age of the victim, who happened to be sixteen, should not affect his sentence as her age is an element of the crime and is very near the age of majority. Additionally, he points out that he initially met the victim in a bar and therefore the fact that his friend was dating her mother did not facilitate the crime. Finally, he correctly notes that his employment as a wrestling coach did not facilitate the crime and therefore should not be relevant to his sentence.
 {¶ 19} In addressing these arguments, we note that a court of appeals no longer applies an abuse-of-discretion standard when reviewing a felony sentence. State v. Cloud (Sept. 26, 2001), 7th Dist. No. 98-CO-51. Our standard of review is governed by R.C. § 2953.08(G), which provides:
 {¶ 20} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 21} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 22} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 23} "(b) That the sentence is otherwise contrary to law."
 {¶ 24} After reviewing all of the evidence in this case, we conclude that the trial court's decision to impose a prison term as opposed to community control was not supported by the record given both the faulty rationale provided by the trial court and the testimony given in Ice's defense regarding his amenability to community control. Thus, Ice's sentence is vacated and this cause is remanded to the trial court for further proceedings. If upon remand, no additional evidence is provided by the State at Ice's resentencing hearing that would make a prison term appropriate in this situation, the trial court is limited to imposing community control based upon the facts in the record as it presently exists.
Vukovich, J., concurs.
Waite, J., concurs.
[1] As his first assignment of error, Ice claimed that the "trial court erred to the prejudice of the Appellant by imposing a prison term greater than the minimum sentence for the pandering of sexually oriented matter involving a minor conviction pursuant to ORC § 2929.14(B)." We acknowledge that this assignment of error, if not deemed moot would raise an issue specifically addressed by the recent Ohio Supreme Court decision, State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Notably, theFoster decision does not affect our analysis of the remaining assignment of error which is dispositive of this appeal. Id. At ¶ 68-70.